# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 20 2016, 10:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Chandra K. Hein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Larisha Lee,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 20, 2016

Court of Appeals Case No.
49A02-1509-CR-1335

Appeal from Marion Superior Court

The Honorable William J. Nelson

Trial Court Cause No.
49G18-1407-F6-36667

**Mathias, Judge.**

[1] Larisha Lee ("Larisha")[1] was convicted in Marion Superior Court for Level 6 Felony operating a motor vehicle while driving privileges are suspended. Larisha appeals and argues that her conviction is not supported by sufficient evidence and that the State did not establish the *corpus delicti*.

[2] We affirm.

## Facts and Procedural History

[3] On July 23, 2014, the Indiana State Police received a call that an Acura had broken down on the I-465 exit ramp onto Crawfordsville Road and that the driver had requested help. Tr. p. 6. At the caller's request, Trooper Jordan Hall ("Trooper Hall") was dispatched to transport the driver off of the interstate. *Id.* At trial, Larisha admitted that she was the caller. *Id.* at 38.

[4] Trooper Hall arrived at the scene at 11:37 p.m., and he saw Larisha standing outside of the vehicle. *Id.* at 6-8. Larisha was the only person near the car, and the ignition was off. *Id.* at 8, 15. Larisha informed Trooper Hall that she was driving the car when it had broken down and that she did not know what was wrong with it. *Id.* at 8-9, 19. Trooper Hall did not attempt to start the car. *Id.* at 15.

[5] Larisha did not indicate that anyone was with her or that anyone was coming to help her, so Trooper Hall offered Larisha a ride to the gas station down the

---

[1] The trial transcript sometimes refers to Larisha as "Lakisha."

street. *Id.* at 8, 13. Before they left, Trooper Hall asked for her identification because she would be riding in the front seat. *Id.* Larisha replied that she did not have identification but that her name was Tameko Lee ("Tameko").[2] *Id.*

[6] Trooper Hall ran a search for "Tameko Lee" through the Indiana BMV, NCIC, and IDACS. *Id.* at 9. He found a photo of Tameko, which did not match the woman standing in front of him. *Id.* at 9-10. He asked her to verify her social security number, and she correctly provided Tameko's social security number. *Id.* at 10.

[7] Trooper Hall then noticed that the vehicle's license plate was expired, so he ran the license plate number through the system. *Id.* Larisha was the vehicle's registered owner. *Id.* at 10. Further, the search result yielded a picture of Larisha, despite the fact that she was claiming to be Tameko.[3] *Id.* at 10. The search also revealed that Larisha was a Habitual Traffic Violator ("HTV").

[8] Shortly after making these discoveries, Trooper Hall arrested Larisha and placed her in handcuffs. *Id.* at 11-13. Larisha's car was then towed from the scene. *Id.* at 19.

---

[2] Tameko is Larisha's sister. *Id.* at 23.

[3] Trooper Hall also recovered cards in Larisha's purse with the name "Larisha Lee" on them. He testified at trial that they were not official government identification cards, but he could not remember the exact type of card. *Id.* at 11-12.

[9] Larisha was charged with Level 6 felony operating a motor vehicle while driving privileges are suspended on July 24, 2014. She was convicted as charged at a bench trial held on August 18, 2015, and sentenced to 545 days with four days of credit time, with the remainder of her sentence suspended to probation. Additionally, Larisha's driving privileges were suspended for life.

[10] Larisha now appeals, claiming that the State produced insufficient evidence to support her conviction and that the State did not establish the *corpus delicti* for the crime. Specifically, Larisha argues that the State presented insufficient evidence that she "operated" the vehicle and that the State did not establish the *corpus delicti* of such operation beyond Larisha's admission that she was the driver.

### Standard of Review

[11] When a party challenges the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Chappell v. State*, 966 N.E.2d 124, 129 (Ind. Ct. App. 2012) (citing *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005)), *trans denied.* Rather, we recognize the exclusive province of the trier of fact to weigh any conflicting evidence and we consider only the probative evidence supporting the conviction and the reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then the

judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008).

## Discussion and Decision

[12] To convict Larisha of operating a motor vehicle while driving privileges are suspended, the State was required to prove that she "operat[ed] a motor vehicle" while knowing that her driver's license was suspended. Ind. Code § 19-30-10-16(a). The appellant only challenges whether the State proved that Larisha "operated" the vehicle.[4]

## Sufficiency of the Evidence

[13] The Indiana Code defines "operate" as "to navigate or otherwise be in actual physical control of a vehicle." Ind. Code § 9-13-2-117.5(a); *West v. State*, 2 N.E.3d 872, 875 (Ind. Ct. App. 2014). In determining whether an individual "operated" a vehicle, the court considers a nonexclusive list of factors: (1) the location of the vehicle when discovered; (2) whether the vehicle was moving when discovered; (3) whether the defendant was observed operating the vehicle before discovered; and (4) the position of the automatic transmission. *Id.* at 251-52. The court should also consider "any evidence that leads to a reasonable inference" of operation. *Id.*

---

[4] Larisha stipulated at trial that she knew she was a HTV. *Id.* at 38; Appellant's Br. p. 14.

[14]    In support of her argument, Larisha relies on *Johnson v. State*. 518 N.E.2d 1127 (Ind. Ct. App. 1988). In *Johnson*, a police officer investigated a vehicle parked on the side of the road. *Id.* at 1127. Johnson was in the driver's seat and demonstrated that he could not start the car. *Id.* He claimed that he had not been driving the car and was just waiting for a tow, and two witnesses corroborated his story at trial. *Id.* Importantly, the vehicle was inoperable. The court reversed Johnson's conviction for operating a motor vehicle while suspended, holding that the State produced insufficient evidence that Johnson "operated" the vehicle. *Id.*

[15]    Larisha agues the State failed to present evidence that the vehicle was operable. Further, the ignition was off when Trooper Hall arrived at the scene, and Trooper Hall never saw Larisha driving.

[16]    However, Larisha admitted twice that she was the driver—when she called for assistance and when she told Trooper Hall what happened. Even beyond her admission, the State presented additional evidence that Larisha was driving the vehicle. The car was registered to Larisha, the car was located on an I-465 exit ramp, Larisha was the only one near the car, and Larisha never indicated that anyone else was with her or coming to help her. Larisha's arguments are simply a request to reweigh the evidence, which is outside this court's province. *See Chappell*, 966 N.E.2d at 129.

## *Corpus Delicti*

[17] Larisha argues that the State did not present independent evidence to establish the *corpus delicti*, i.e., evidence that Larisha operated the vehicle independent of her confession.

[18] "Proof of the *corpus delicti* means proof that the specific crime charged has actually been committed by someone." *Cherry v. State*, 971 N.E.2d 726, 730 (Ind. Ct. App. 2012) (quoting *Weida v. State*, 693 N.E.2d 598, 600 (Ind. Ct. App. 1998)).

> For a confession to be admitted into evidence, the State must establish the corpus delicti. The purpose for requiring proof of the corpus delicti is to prevent the admission of a defendant's confession to a crime that never occurred. The State is not required to prove the corpus delicti beyond a reasonable doubt, but must present independent evidence from which an inference may be drawn that a crime was committed. The corpus delicti need not be established prior to admission of the confession so long as the totality of independent evidence presented at trial establishes it. The corpus delicti may be established by circumstantial evidence.

*Id*. at 730-31 (quoting Weida, 693 N.E.2d at 600) (internal citations omitted).

[19] To support her argument, Larisha offers her testimony and Tameko's testimony. At trial, Larisha claimed that that her sister, Tameko, was driving her home from work when the car broke down. Larisha contends that Tameko had walked to the gas station to get help before Trooper Hall arrived. Larisha did not mention that Tameko was getting help because Trooper Hall "never

asked [her] that" and they "never got to that part." Tr. p. 42. Finally, Larisha gave Tameko's name to Trooper Hall for towing purposes. *Id.* at 41.

[20] The State, however, presented independent evidence from which a reasonable inference can be drawn that Larisha was operating the vehicle. The car was registered to Larisha; the car was located on an I-465 exit ramp; Larisha was the only one near the car; and Larisha never indicated that anyone else was with her or coming to help her. These facts are certainly sufficient to establish the *corpus delicti*. When considered in conjunction with her confession, the evidence is sufficient to establish beyond a reasonable doubt that she operated the vehicle.

## Conclusion

[21] For these reasons, we conclude that the evidence was sufficient to convict Larisha of operating a motor vehicle while driving privileges are suspended and that the State established the *corpus delicti*.

[22] Affirmed.

Vaidik, C.J., and Barnes, J., concur.