# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JAMES H. VOYLES, JR.**
**TYLER D. HELMOND**
Voyles Zahn & Paul
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Jun 27 2012, 8:54 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

FILI MOALA,                           )
                                      )
    Appellant-Defendant,          )
                                      )
       vs.                    )    No. 49A02-1109-CR-870
                                      )
STATE OF INDIANA,                     )
                                      )
    Appellee-Plaintiff.           )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Shatrese Flowers, Commissioner
Cause No. 49F19-1009-CM-68937

**June 27, 2012**

**OPINION - FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Following a bench trial, Fili Moala was found guilty as charged of operating a vehicle with an alcohol concentration between .08 and .15, a Class C misdemeanor, and public intoxication, a Class B misdemeanor. He was also found guilty of operating a vehicle while intoxicated as a Class C misdemeanor rather than the Class A misdemeanor charged by the State. All charges stemmed from a single incident of Moala operating his vehicle on a public road. The trial court merged the two operating convictions, entered a judgment of conviction on operating while intoxicated as a Class C misdemeanor, and sentenced him to sixty days. The trial court also entered a judgment of conviction on the public intoxication conviction and sentenced him to 180 days, with the sentences to be concurrent.

Moala appeals, raising one issue for our review: whether the trial court violated double jeopardy in entering convictions for both operating a vehicle while intoxicated and public intoxication when the same evidentiary facts establish both offenses. Moala requests that the Class C misdemeanor operating a vehicle while intoxicated conviction be vacated. The State concedes that the two convictions violate double jeopardy; however, the State requests that the public intoxication conviction be vacated. Concluding the appropriate remedy for the double jeopardy violation is to vacate the operating while intoxicated conviction, we reverse and remand.

## Facts and Procedural History

Moala was stopped on Illinois Street in Indianapolis, Indiana on September 3, 2010, for speeding. When the officer approached the vehicle, he smelled the odor of alcohol and

noticed that Moala had bloodshot eyes. When the officer asked for identification, Moala first handed him a credit card. Moala admitted that he had consumed five or six drinks. When the officer asked Moala to exit the vehicle, Moala was barefoot and kept encroaching on the officer's personal space despite the officer's requests that Moala not approach him. Moala failed two of three field sobriety tests and a chemical test indicated he had a .10 blood alcohol content.

The State charged Moala with operating while intoxicated causing endangerment, a Class A misdemeanor; operating with a blood alcohol content between .08 and .15, a Class C misdemeanor; and public intoxication, a Class B misdemeanor. Moala was tried to the bench, and the trial court found:

> . . . As to Count II, Operating a Vehicle With a Blood Alcohol Concentration, [sic] Court finds the Defendant guilty, a Class B Misdemeanor. And as to Count III, Public Intoxication, Court finds the defendant guilty of a Class B Misdemeanor . . . . As to Count I, operating a Vehicle While Intoxicated, Court finds the defendant guilty of a Class C without the endangerment, Operating a Vehicle While Intoxicated as a C Misdemeanor.

Transcript of Sentencing Hearing at 7-8. The trial court originally announced that "Count I and II will merge. As far as sentencing. And Count III, Public Intoxication merges with Counts I and II." Id. at 11. Despite stating that all counts would merge into one, the trial court announced a sentence for both public intoxication and operating while intoxicated. Moala filed a motion to correct error alleging the trial court erred in merging any of the counts and that double jeopardy requires the trial court enter a conviction only of public intoxication, the highest class crime of which Moala was found guilty. The State responded to the motion to correct error by moving to dismiss the public intoxication count. At a

3

hearing on the motion to correct error, the trial court amended its previous statement by noting that "Count III should not merge with Count I and II and that the sentence should remain as set . . . ." Id. at 25. Therefore, the trial court ultimately sentenced Moala as follows: Count II, operating a vehicle with a blood alcohol concentration between .08 and .15, was merged with Count I, operating a vehicle while intoxicated as a Class C misdemeanor lesser-included offense of the Class A misdemeanor charged, and Moala was sentenced to sixty days for the conviction on Count I. Moala was also sentenced to 180 days for the conviction on Count III, public intoxication. The sentences were ordered to be served concurrently, and all but two days of each was suspended. The State withdrew its motion to dismiss. Moala now appeals.

## Discussion and Decision

### I. Double Jeopardy Violation

Moala's opening brief contends the trial court erred in entering a conviction for both operating a vehicle while intoxicated and public intoxication under the actual evidence test announced in Richardson v. State, 717 N.E.2d 32 (Ind. 1999).

Article 1, section 14 of the Indiana Constitution states, "No person shall be put in jeopardy twice for the same offense." In Richardson, our supreme court held that "two or more offenses are the 'same offense' in violation of Article I, Section 14 of the Indiana Constitution, if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." 717 N.E.2d at 49 (emphasis

4

in original). Two challenged offenses constitute the same offense under the actual evidence test when a defendant demonstrates based on the actual evidence presented at trial "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." Id. at 53.

The evidence presented at Moala's trial establishes the following facts: on September 3, 2010, Moala was operating his vehicle on a public road in an impaired manner. Moala argues, and the State concedes, that this evidence established both the operating a vehicle while intoxicated and public intoxication convictions. See Brief of Appellee at 6 ("Defendant's convictions for operating while intoxicated and public intoxication violate his double jeopardy protections under the Indiana Constitution."). We agree that the convictions violate our state constitutional double jeopardy principles. See Smith v. State, 725 N.E.2d 160, 162 (Ind. Ct. App. 2000) (holding double jeopardy violated when trial court necessarily used evidence that defendant operated his vehicle on a public road while intoxicated to establish convictions for both operating a vehicle while intoxicated and public intoxication). Therefore, one of Moala's two convictions must be vacated.

## II. Remedy for Violation

When two convictions are found to contravene double jeopardy principles, a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation. If it will not, one of the convictions must be vacated. In the interest of efficient judicial administration, the trial court need not undertake a full sentencing reevaluation, but rather the reviewing court will make this determination itself, being mindful of the penal consequences that the trial court found appropriate.

5

Richardson, 717 N.E.2d at 54 (citation omitted). In the Richardson case, the defendant was convicted of robbery as a Class C felony and battery as a Class A misdemeanor, which our supreme court found to be a violation of the Indiana Double Jeopardy Clause under the actual evidence test. "Because both convictions therefore cannot stand, we vacate the conviction with the less severe penal consequences and leave standing the robbery conviction." Id. at 55.

Moala was convicted of public intoxication as a Class B misdemeanor and operating while intoxicated as a Class C misdemeanor. There is not a less serious form of either offense, and even if there were, given the facts of this case, reducing either offense would not remedy the double jeopardy violation. Moala asserts that the lower class offense, operating while intoxicated, should therefore be vacated. The State, referring to language from our caselaw about vacating the conviction with the "least severe penal consequences," acknowledges that "it would appear that vacat[ing] the class C misdemeanor driving while intoxicated conviction and keeping the class B misdemeanor public intoxication conviction would be proper." Br. of Appellee at 7. However, the State asserts that "this should not be the end of the analysis" and requests that the public intoxication conviction be vacated. Id. The State makes two arguments in support of its request. First, the State asserts that the operating while intoxicated conviction, though a lower class of crime, may have more severe penal consequences when the suspension of driving privileges attendant to such a conviction is considered. Second, the State notes that at the motion to correct error hearing, it "made it clear that if one count were vacated, the State would like that to be the public intoxication

6

count . . .," id. at 7, and asserts that prosecutorial discretion should exist "with respect to choosing which conviction to keep in a double jeopardy situation," id. at 8.

Our courts have not considered in any detail the phrase "penal consequences." In most cases in which a double jeopardy violation is found, the reviewing court simply orders the conviction that is the lower class of crime to be vacated. See, e.g., Jenkins v. State, 726 N.E.2d 268, 271 (Ind. 2000) (finding felony murder and robbery convictions to violate double jeopardy and declining defendant's request to vacate felony murder in favor of vacating robbery "because it has less severe penal consequences"); Newgent v. State, 897 N.E.2d 520, 529 (Ind. Ct. App. 2008) (ordering Class B criminal confinement conviction to be vacated where convictions of both criminal confinement and murder, a felony, constituted double jeopardy, citing Richardson's "less severe penal consequences" language); Williams v. State, 892 N.E.2d 666, 669 (Ind. Ct. App. 2008) (ordering Class D felony attempted theft conviction to be vacated where convictions of both attempted theft and forgery, a Class C felony, constituted double jeopardy, citing Richardson), trans. denied; Owens v. State, 742 N.E.2d 538, 542 (Ind. Ct. App. 2001) (finding convictions of Class B felony attempted robbery and Class D felony battery resulting in injury to a law enforcement officer violated double jeopardy and declining defendant's request to vacate the attempted robbery conviction because the battery conviction has less severe penal consequences), trans. denied. In Noble v. State, 734 N.E.2d 1119 (Ind. Ct. App. 2000), trans. denied, the two convictions found to be double jeopardy were both Class C felonies and therefore "of equal severity." Id. at 1125. The sentences the trial court imposed for the two convictions were of equal length and

7

ordered to run concurrently; therefore, "there are no more or less severe penal consequences for vacating one instead of the other." Id. at 1126. The court therefore ordered that the second count be vacated. Id. Thus, the severity of the penal consequences has largely been determined by the class of crime or by the length of the sentence imposed.[1]

As the State notes, however, an operating while intoxicated conviction has consequences in addition to the length of a possible sentence in the form of a license suspension. However, whether a sanction constitutes a criminal punishment depends on the purpose served by the sanction: punitive or remedial. Hunter v. State, 802 N.E.2d 480, 483 (Ind. Ct. App. 2004), trans. denied; see Hudson v. U.S., 522 U.S. 93, 98-99 (1997) ("We have long recognized that the Double Jeopardy Clause does not prohibit the imposition of all additional sanctions that could, 'in common parlance,' be described as punishment. The Clause protects only against the imposition of multiple criminal punishments for the same offense[.]") (citation omitted) (emphasis in original). In Schrefler v. State, 660 N.E.2d 585 (Ind. Ct. App. 1996), we examined a defendant's claim that both having his driver's license

---

[1] It appears the Richardson court's exhortation to be "mindful of the penal consequences that the trial court found appropriate," 717 N.E.2d at 54, comes into play when a double jeopardy violation can be remedied by reducing one crime to a less serious form of the same offense. In Smith v. State, 881 N.E.2d 1040 (Ind. Ct. App. 2008), for instance, the court found the defendant's convictions for Class B felony robbery and Class B felony aggravated battery violated double jeopardy because the same evidence was used to establish the essential injury elements for the elevated robbery charge and the aggravated battery charge. The remedy was to reverse the Class B felony robbery conviction and remand to the trial court with instructions to enter a conviction for Class C felony robbery. Noting the trial court originally sentenced the defendant to a maximum sentence for the Class B felony robbery, we also ordered that the maximum sentence be imposed upon the Class C felony robbery conviction. Id. at 1048; see also D.B. v. State, 842 N.E.2d 399, 404 (Ind. Ct. App. 2006) (holding true findings for rape and child molesting arising from single incident violated double jeopardy; in considering which true finding to vacate, the court considered that the juvenile court found it appropriate to commit the juvenile to the Department of Correction, and vacating the child molesting true finding allowed the court's commitment to stand, pursuant to Indiana Code section 31-37-19-9, which allows commitment to the DOC under conditions satisfied by the true finding of rape).

suspended and being criminally charged with operating while intoxicated constituted double jeopardy. We determined the administrative suspension scheme was "designed to promote the State's interest in keeping its highways safe from intoxicated drivers" and although "the suspension of driving privileges has some punitive impact on the offender . . . [it] is merely incidental to the overriding remedial purpose of the statute." Id. at 588. Thus, double jeopardy was not implicated. Id. at 589 (citing cases from numerous other jurisdictions also concluding that suspension of driving privileges served a legitimate, non-punitive governmental purpose and did not implicate double jeopardy). As made clear in Schrefler, a license suspension is not punitive and we do not consider any such suspension in determining the "penal consequences" of each of Moala's convictions.

In a similar vein, we note that the State presumably wishes to preserve the operating while intoxicated conviction because it could serve as a predicate for a Class D felony charge if Moala is ever again charged with operating while intoxicated. As we do not believe non-punitive sanctions should be considered as part of the penal consequences of a conviction, we also do not believe potential future consequences should be considered in determining the penal consequences of a conviction. Considering future consequences would be speculative and raises the possibility of disparate treatment in sentencing.[2]

---

[2] We do note that in H.M. v. State, 892 N.E.2d 679 (Ind. Ct. App. 2008), trans. denied, the court rejected the State's argument that regardless of the number of true findings in a juvenile delinquency proceeding, there is but one finding of delinquency and one disposition and therefore a juvenile cannot face double jeopardy by noting that although there is only one delinquency disposition, "there may be penal consequences for an offender later in life relating to these multiple true findings" because a history of juvenile adjudications may properly be used by a trial court to enhance an adult defendant's sentence. Id. at 682. These consequences, however, were considered in the context of determining whether double jeopardy applied at all; not in determining which true finding should be vacated.

9

The State also contends it should have the discretion to determine which conviction should be vacated upon a finding of double jeopardy. It is true that whether to prosecute at all and what charges to bring are generally decisions within the prosecutor's discretion. Kibbey v. State, 733 N.E.2d 991, 996 (Ind. Ct. App. 2000). And it is also true that when the prosecuting attorney files a motion to dismiss an information pursuant to Indiana Code section 35-34-1-13, the trial court has no discretion to deny such motion. Malone v. State, 702 N.E.2d 1102, 1103 (Ind. Ct. App. 1998), trans. denied. Accompanying its response to Moala's motion to correct error, the prosecuting attorney made a motion to dismiss the public intoxication charge. However, Indiana Code section 35-34-1-13 requires the prosecuting attorney to file its motion to dismiss "at any time before sentencing." Ind. Code § 35-34-1-13(a). Moala had already been sentenced when the State made its motion to dismiss and the trial court was not therefore obligated to grant the motion. Moreover, although the prosecuting attorney has discretion in charging a defendant, and the trial court has discretion in sentencing, see Anderson v. State, 961 N.E.2d 19, 32 (Ind. Ct. App. 2012), trans. denied, our supreme court has made it clear that it is the reviewing court that will determine what is the appropriate remedy for a double jeopardy violation. See Richardson, 717 N.E.2d at 54. We therefore do not agree with the State that prosecutorial discretion extends to the determination of which conviction should be vacated upon a finding of double jeopardy.

Moala was convicted in violation of Article 1, section 14 of public intoxication, a Class B misdemeanor, and operating a vehicle while intoxicated, a Class C misdemeanor. The Class C misdemeanor has the less severe penal consequences and we accordingly vacate

the operating while intoxicated conviction and leave the public intoxication conviction standing.

## Conclusion

Moala's convictions of both public intoxication and operating a vehicle while intoxicated based upon a single incident of driving his vehicle on a public street violate the state constitutional prohibition against double jeopardy. Accordingly, we reverse and remand with instructions for the trial court to vacate the operating while intoxicated conviction.

Reversed and remanded.

BAILEY, J., and MATHIAS, J., concur.