**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 31 2013, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK A. BATES**
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRIAN BUFFINGTON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1206-CR-297 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Salvador Vasquez, Judge
Cause No. 45G01-1104-FA-22

**January 31, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

A jury found Brian Buffington guilty of class A felony Robbery,[1] class B felony Aggravated Battery,[2] and two counts of class C felony Battery.[3] In order to avoid double jeopardy violations, the trial court entered judgment of conviction on the crime of class A felony robbery only.[4] On appeal, Buffington presents the following restated issue for our review: Was the trial court required to remedy the double jeopardy issue by, instead, entering judgment on the aggravated battery count and either not entering judgment on the robbery count or reducing it to a class B felony?

We affirm.

On April 21, 2011, Joseph Koopman returned to his trailer home with cash after being paid at work. Buffington, Koopman's friend and roommate, arrived home around 6:30 p.m. that evening and, having also been paid that day, handed Koopman $180 in cash. $160 was for rent he owed Koopman, and he asked Koopman to hold the other $20 for safekeeping, as Buffington had a habit of spending his money on drugs.

Buffington left later that evening, and Koopman stayed home watching television. Buffington came back several hours later after using cocaine at a friend's house and asked Koopman for $40. Koopman gave him the $20 he had been holding for Buffington but said

---

[1]   Ind. Code Ann. § 35-42-5-1 (West, Westlaw through 2012 2nd Reg. Sess.).
[2]   I.C. § 35-42-2-1.5 (West, Westlaw through 2012 2nd Reg. Sess.).
[3]   I.C. § 35-42-2-1 (West, Westlaw through 2012 2nd Reg. Sess.).
[4]   Buffington contends that the trial court improperly entered convictions on the class C felony battery counts. At the sentencing hearing, the trial court expressly indicated that judgment would not be entered on these counts. The written sentencing order states that judgment was entered for the robbery count. With respect to the class C felony battery counts, the order indicates that they merged with the robbery count. Contrary to Buffington's assertion on appeal, this did not constitute error. *See Kilpatrick v. State*, 746 N.E.2d 52 (Ind. 2001).

that the rest of the money was needed for rent and that he could not lend him any money. Koopman left with the $20 and went to purchase and consume more cocaine.

At some point, Koopman fell asleep on the couch and then awoke upon Buffington's return in the early morning hours. Buffington requested $40 and kept insisting, claiming that he would pay Koopman back later in the week. Koopman eventually became frustrated and told Buffington to leave him alone and go to his room to "sleep it off". *Transcript* at 54. Buffington went to his room, and Koopman then went back to sleep on the couch.

Shortly thereafter, Koopman awoke to someone on top of him, beating him on the head. He yelled for Buffington's help but then realized Buffington was his attacker. Buffington brutally beat Koopman with a metal flashlight about the head and face, while Koopman tried to block the blows with his arms. After enduring about 50 or 60 strikes, Koopman finally "went limp" and pretended like he was dead in order to stop the beating. *Id*. at 58. Buffington then reached in Koopman's pockets and took Koopman's wallet and cell phone. Buffington removed all the cash and then discarded the wallet. After Buffington left the trailer, Koopman went unconscious.

Upon receiving a report from neighbors many hours later, police found Koopman inside his trailer, badly beaten, covered in blood, and in shock. Koopman suffered fractures to his skull, broken fingers, knocked-out teeth, and injuries to his eye and has undergone a number of surgeries as a result of the attack.

On April 26, 2011, the State charged Buffington with class A felony attempted murder, class A felony robbery, class B felony aggravated battery, and two counts of class C

felony battery. Buffington's jury trial commenced on March 19, 2012. Buffington testified in his own defense, admitting to the brutal beating of his roommate but denying that he intended to kill him and claiming that he only took his own money, cash which Koopman was allegedly holding for Buffington. Thus, Buffington's defense strategy was to admit that he committed aggravated battery but argue to the jury that he should not be convicted of attempted murder or robbery. Ultimately, the jury found Buffington not guilty of attempted murder but guilty of the four remaining counts.

While the parties agreed that convictions could not be entered on all four counts, they disagreed on how to remedy the double jeopardy concerns. Buffington argued that the trial court should reduce the robbery conviction to a class B felony and enter convictions for this reduced count and the aggravated battery count, which would result in two class B felony convictions. The State, on the other hand, argued that the court should preserve the highest offense and, thus, enter conviction on the class A felony robbery count only. The trial court agreed with the State. At the conclusion of the sentencing hearing, the trial court sentenced Buffington to the advisory sentence of thirty years for class A felony robbery. Buffington now appeals.

We begin with Buffington's assertion, in the peculiar context of his double jeopardy argument, that one of the final instructions was erroneous.[5] The State correctly observes that

---

[5] The challenged instruction, Instruction No. 7, follows:

Count II

The Defendant is charged with Robbery as a Class A felony. Robbery, Class B felony, and Robbery, Class C felony, are included in Robbery, Class A felony. If the State proves the Defendant guilty of Robbery as a Class A felony, you need not consider the included crime(s). However, if the State fails to prove the Defendant committed Robbery as a

4

Buffington has waived any challenge to the instruction by failing to object to it below. *See Baker v. State*, 948 N.E.2d 1169 (Ind. 2011). Moreover, we note that he has not adequately developed his argument regarding the challenged jury instruction. Buffington has waived this issue for review.

Buffington directs us, as he did the trial court, to *Mendenhall v. State*, 963 N.E.2d 553 (Ind. Ct. App. 2012), *trans. denied*, for his argument that the trial court could not retain the class A felony count. His logic is flawed. The defendant in *Mendenhall* was convicted of class A felony attempted murder, class A felony robbery, class B felony aggravated battery, class B felony criminal confinement, and class A misdemeanor resisting law enforcement. He received sentences of thirty years for each of the class A felonies, ten years for each of the class B felonies, and one year for the misdemeanor. The trial court ordered the sentences for attempted murder and aggravated battery to be served consecutively, with all other sentences (including the sentence for robbery) to run concurrently.

Among other things on appeal, Mendenhall challenged his convictions for robbery and aggravated battery as violating the state prohibition against double jeopardy. This court found a double jeopardy violation because the same injury was used to support the robbery enhancement and the aggravated battery. We then observed:

> When two convictions violate double jeopardy principles, we *may* remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation. Reducing the robbery conviction to a class B felony would still result in a double jeopardy violation

Class A felony, you may consider whether the Defendant committed Robbery, Class B felony, and/or Robbery, Class C felony, which the Court will define for you.
        You must not find the Defendant guilty of more than one crime for Count II.
*Appendix* at 70.

5

in light of Mendenhall's Class B felony criminal confinement conviction. We therefore remand with instructions to reduce Mendenhall's robbery conviction to a Class C felony.

*Id*. at 572-73 (citations omitted and emphasis supplied).

Contrary to Buffington's apparent belief, *Mendenhall* does not hold that the only proper remedy in this case (that is, when dealing with convictions for class A felony robbery and class B felony aggravated battery) is to reduce the robbery conviction. Rather, that is just one remedy, one that made sense in *Mendenhall* given that the defendant's sentence for robbery had been ordered to be served concurrent with his attempted murder sentence. Thus, a reduction in the robbery sentence would not alter the aggregate sentence. *See Moala v. State*, 969 N.E.2d 1061 (Ind. Ct. App. 2012) (appropriate remedy determined by an examination of the effect on penal consequences).

In the instant case, the jury acquitted Buffington of attempted murder. The highest level offense for which the trial court could have entered a conviction, therefore, was for class A felony robbery. Downgrading this offense would result in a substantial reduction in Buffington's sentencing exposure. Of course, this would be preferable to Buffington, but it would not fairly represent the gravity of the crimes for which the jury found him guilty. The trial court did not err in remedying the potential double jeopardy violation by entering judgment of conviction on the class A felony robbery only.[6]

---

[6] To the extent that some of the trial court's reasoning may have been flawed, as suggested by Buffington, its result was nevertheless correct. To be sure, had the trial court entered convictions for both class A felony robbery and class B felony aggravated battery, we would have vacated the conviction for aggravated battery on appeal rather than reduce the robbery. *See, e.g., Jenkins v. State*, 726 N.E.2d 268, 271 (Ind. 2000) (vacating robbery conviction "because it has less severe penal consequences" and leaving standing felony murder conviction).

Judgment affirmed.

NAJAM, J., and BRADFORD, J., concur.