## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 22 2017, 7:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Justin F. Roebel
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Lamar Smith,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

December 22, 2017

Court of Appeals Case No.
49A04-1708-CR-1714

Appeal from the Marion Superior Court

The Honorable Peggy Hart, Judge Pro Tempore

Trial Court Cause No.
49G05-1610-F5-41542

**Baker, Judge.**

[1] Lamar Smith appeals his convictions for Level 5 Felony Battery,[1] Level 6 Felony Domestic Battery,[2] and Level 6 Felony Criminal Confinement.[3] Smith argues that his convictions violate the prohibition against double jeopardy.[4] The State concedes that Smith's convictions for battery and domestic battery violate the prohibition against double jeopardy; we agree, and vacate the domestic battery conviction. We further find that the battery and criminal confinement convictions do not violate double jeopardy principles. Therefore, we affirm in part, reverse in part, and remand with instructions to enter an amended abstract of judgment and an amended sentencing order.

## Facts

[2] On October 19, 2016, Indianapolis Metropolitan Police officers were dispatched to a disturbance on North Tibbs. Upon arriving at the residence, one officer knocked on the front door, while Sergeant David Kinsey approached a partially opened window on the side of the house. Through the window, Sergeant Kinsey observed a man, later identified as Smith, and two women arguing in a bedroom.

---

[1] Ind. Code § 35-42-2-1.

[2] I.C. § 35-42-2-1.3.

[3] I.C. § 35-42-3-3.

[4] Smith also argues that there is insufficient evidence supporting his domestic battery conviction, but as we vacate that conviction, we will not address this argument.

[3]  Sergeant Kinsey saw one of the women, later identified as Jean Reed, attempt to leave the bedroom.  Smith shoved Reed backwards into the bedroom.  Reed again tried to leave, and Smith then "grabbed her in a bear hug and smacked her with an open hand in the face," preventing her from leaving the room.  Tr. p. 29.  Eventually, someone opened the front door to the residence and the officers arrested Smith.

[4]  On October 21, 2016, the State charged Smith with Level 5 felony battery, Level 6 felony domestic battery, and Level 6 felony criminal confinement.  Both the battery and domestic battery charges were based on Smith "pushing at and against the person of Jean Reed[.]"  Appellant's App. Vol. II p. 24.  Smith waived his right to a jury trial, and a bench trial took place on January 19, 2017.  The trial court found Smith guilty as charged and, on July 6, 2017, sentenced Smith to concurrent terms of three years for battery, one year for domestic battery, and one year for criminal confinement.  Smith now appeals.

## Discussion and Decision

[5]  Indiana's double jeopardy clause was intended to prevent the State from being able to proceed against a person twice for the same criminal transgression.  *Wharton v. State*, 42 N.E.3d 539, 541 (Ind. Ct. App. 2015).  Our Supreme Court has held that two or more offenses are the "same offense," in violation of our Constitution's double jeopardy clause, "if, with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements

of another challenged offense." *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999) (emphases original). Under the actual evidence test, the "actual evidence presented at trial is examined to determine whether each challenged offense was established by separate and distinct facts." *Id.* at 53. The test focuses not on "whether there is a reasonable probability that, in convicting the defendant of both charges, the [factfinder] used *different* facts, but whether it is reasonably possible it used the *same* facts." *Bradley v. State*, 867 N.E.2d 1282, 1284 (Ind. 2007) (emphases original).

[6] Here, both the Level 5 felony battery and Level 6 felony domestic battery convictions were based on the same act—Smith pushing Reed back into the bedroom. As such, these dual convictions violate the actual evidence test, which the State concedes. We hereby vacate Smith's domestic battery conviction and remand with instructions to enter an amended abstract of judgment and an amended sentencing order. *See Moala v. State*, 969 N.E.2d 1061, 1065 (Ind. Ct. App. 2012) (holding that when a double jeopardy violation occurs, we vacate the conviction with the less severe penal consequences).

[7] With respect to the battery and criminal confinement convictions, the charging information alleges that Smith committed battery when he pushed Reed back into the bedroom but does not allege a specific act underlying the criminal confinement charge. At trial, however, Sergeant Kinsey testified that first, Smith "shoved [Reed] with two hands inside the doorway[.]" Tr. p. 29. At that point, based on the way the State charged the offense, the battery was complete.

[8] The sergeant then explained that after the battery, Reed again attempted to leave the room, and Smith "then grabbed her in a bear hug and smacked her with an open hand in the face," preventing her from exiting. *Id.* This evidence, which is separate and distinct from the evidence supporting the battery conviction, supports the criminal confinement conviction. Because of the way the State drafted the charges, there is no reasonable possibility that the trial court relied on the pushing when finding that Smith committed confinement. As there are separate and distinct facts supporting each of these convictions, they both stand.

[9] The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions to enter an amended abstract of judgment and an amended sentencing statement.

Riley, J., and Brown, J., concur.