## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 04 2019, 8:20 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Talisha Griffin
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

James Griffin,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 4, 2019

Court of Appeals Case No.
18A-CR-2426

Appeal from the Marion Superior Court

The Honorable Christina R. Klineman, Judge

Trial Court Cause No.
49G17-1805-F6-15743

**Baker, Judge.**

[1]    James Griffin appeals following his convictions for Level 6 Felony Residential Entry,[1] Level 6 Felony Domestic Battery,[2] Class A Misdemeanor Interference With the Reporting of a Crime,[3] Class A Misdemeanor Theft,[4] and Class B Misdemeanor Criminal Mischief,[5] and his adjudication as an Habitual Offender.[6] Griffin argues that some of his convictions violate the prohibition against double jeopardy and that the trial court erred in the way it imposed the habitual offender sentence enhancement. Finding a double jeopardy violation and a sentencing order in need of clarification, we affirm in part, reverse in part, and remand with instructions.

## Facts

[2]    In May 2018, Shirley Johnson and Griffin had been in an on-and-off relationship for several years. On May 8, 2018, Griffin called Johnson to see if she wanted company. She replied that she was not in the mood for company and he became angry, calling her repeatedly until she turned off the ringer on her phone.

---

[1] Ind. Code § 35-43-2-1.5.

[2] Ind. Code § 35-42-2-1.3.

[3] Ind. Code § 35-45-2-5.

[4] I.C. § 35-43-4-2(a).

[5] I.C. § 35-43-1-2.

[6] Ind. Code § 35-40-2-8.

[3]     As Johnson was getting ready for bed that evening, she went to close her bedroom window and noticed Griffin standing outside. She exclaimed, "What the 'F' are you doing here? I told you not to come by." Tr. Vol. II p. 82. Griffin began knocking on Johnson's front door; Johnson repeatedly told him to go away. She checked to make sure that her patio door was locked and looked at the front door. Seeing that the security chain was fastened, she assumed the deadbolt was also locked.

[4]     Johnson went back to her bedroom and heard the security chain break and come off the front door. She headed to the front door and found Griffin in the hallway by her bedroom. She grabbed her cellphone, but as soon as she had it in her hand, Griffin grabbed it and said, "Try it." *Id.* at 84. He then went to another room to retrieve some of his belongings.

[5]     While Griffin was in the other room, Johnson ran out of the apartment to get help. He chased her outside, grabbed her right upper forearm, and pushed her to the ground as she screamed for help. She stood up and ran to another apartment building to get help. She eventually found a neighbor who called 911. Indianapolis Metropolitan Police Officer Siitupe Peko was dispatched to the scene and saw that Johnson's front door was slightly open and that the "little security chain link was broken." *Id.* at 112.

[6]     On May 16, 2018, the State charged Griffin with Level 6 felony residential entry (Count I), Level 6 felony domestic battery (Count II), Class A misdemeanor interference with the reporting of a crime (Count III), Class A

misdemeanor theft (Count IV), and Class B misdemeanor criminal mischief (Count V), and alleged that he was an habitual offender (Count VI). Griffin's jury trial took place on August 16, 2018, and the jury found him guilty as charged. He waived his right to a jury on the habitual offender enhancement, and the trial court found that he was an habitual offender, attaching the enhancement to Count I.

On September 11, 2018, the trial court sentenced Griffin to two and one-half years for Count I, to be enhanced by three years for the habitual offender adjudication; to 365 days each on Counts II, III, and IV; and to 180 days on Count V. The trial court ordered that the sentences for counts II through V would run concurrent with one another and with the sentence for Count I, for an aggregate term of five and one-half years imprisonment. Griffin now appeals.

# Discussion and Decision

## I. Double Jeopardy

Griffin first argues that two pairs of his convictions violate the prohibition against double jeopardy. Specifically, he points to his convictions for residential entry and criminal mischief, and for interference with the reporting of a crime and theft.

Two convictions violate the double jeopardy clause of the Indiana Constitution if there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used

to establish the essential elements of a second challenged offense." *Richardson v. State*, 717 N.E.2d 32, 53 (Ind. 1999). A "reasonable possibility" turns on the practical assessment of whether the factfinder may have latched onto exactly the same facts for both convictions. *Garrett v. State*, 992 N.E.2d 710, 720 (Ind. 2013).

## A. Residential Entry and Criminal Mischief

[10] To convict Griffin of Level 6 felony residential entry, the State was required to prove that he knowingly broke and entered Johnson's dwelling. I.C. § 35-43-2-1.5. Conversely, to convict him of Class B misdemeanor criminal mischief, the State was required to prove that Griffin recklessly, knowingly, or intentionally damaged Johnson's door frame and/or latch without her consent. I.C. § 35-43-1-2(a).

[11] The manner in which Griffin broke and entered Johnson's dwelling is irrelevant to the crime of residential entry. All that the State needed to prove to support this charge was that Johnson did not give Griffin permission to enter her home and he entered anyway. Likewise, the fact that Griffin entered the apartment is irrelevant to the crime of criminal mischief. Instead, to support the criminal mischief charge, the State had to prove that Griffin damaged the door frame and/or latch without her consent. Under these circumstances, we find no reasonable possibility that the evidentiary facts used by the jury to establish the essential elements of residential entry were also used to establish the essential

elements of criminal mischief. In other words, these convictions do not violate the prohibition against double jeopardy.

## B. Interference with Reporting of a Crime and Theft

[12] To convict Griffin of Class A misdemeanor interference with the reporting of a crime, the State was required to prove that, with the intent to commit, conceal, or aid in the commission of a crime, Griffin knowingly interfered with or prevented Johnson from using a 911 emergency telephone system. I.C. § 35-45-2-5. To convict him of Class A misdemeanor theft, the State was required to prove that Griffin knowingly exerted unauthorized control over Johnson's cell phone with the intent to deprive Johnson of any part of its value or use. I.C. § 35-43-4-2(a).

[13] Here, the same act—the act of Griffin taking Johnson's cell phone out of her hands—underlies both convictions. The State maintains that it was the fact that Griffin then *kept* the cell phone that establishes the theft offense and sets it apart from the interference offense, but we cannot agree. The moment he took Johnson's cell phone with the requisite intent, the crime of theft was complete—as was the crime of interference with the reporting of a crime. Therefore, these two convictions violate the prohibition against double jeopardy.

[14] To remedy this double jeopardy violation, one of these convictions must be vacated. Both of these convictions are Class A misdemeanors. If two convictions that violate double jeopardy are of equal severity, the determination

of which conviction to vacate is within the discretion of the reviewing court. *Moala v. State*, 969 N.E.2d 1061, 1066 (Ind. Ct. App. 2012). Therefore, we reverse the trial court's judgment with respect to Class A misdemeanor interference with the reporting of a crime and remand with instructions to vacate that conviction.[7]

## II. Habitual Offender Enhancement

Finally, Griffin argues that the way in which the trial court structured Griffin's sentence is erroneous. A habitual offender adjudication "does not result in a consecutive sentence." I.C. § 35-50-2-8(j). Instead, the trial court "shall attach the habitual offender enhancement to the felony conviction with the highest sentence imposed and specify which felony count is being enhanced." *Id.*

Here, it is apparent that the trial court intended to attach the habitual offender enhancement to Griffin's Level 6 felony residential entry conviction, as evidenced by its comments during the habitual offender phase of the trial and the sentencing hearing, as well as the notes included in the "confinement comments" for Counts I and VI on the sentencing order.

Nevertheless, the sentencing order initially lists the habitual offender finding as a separate count with a separate sentence, ordering the habitual offender enhancement to run consecutive to the residential entry conviction. This is

---

[7] This reversal will not affect Griffin's aggregate sentence.

erroneous, albeit inadvertently so, and we remand so that the trial court can modify its sentencing order to show that the habitual offender finding is not a separate sentence but is instead an enhancement attached to the residential entry conviction.

[18] The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions to vacate the interference with the reporting of a crime conviction and to modify the sentencing order as instructed herein.

Najam, J., and Robb, J., concur.