


FILED

Aug 29 2025, 9:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

I N   T H E

# Court of Appeals of Indiana

Jeffrey Alan Vanbibber,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

August 29, 2025

Court of Appeals Case No.
24A-CR-3164

Appeal from the Marion Superior Court

The Honorable James B. Osborn, Judge

Trial Court Cause No.
49D21-2310-F5-27929

---

**Opinion by Judge DeBoer**
Chief Judge Altice and Judge Pyle concur.

**DeBoer, Judge.**

## Case Summary

[1] After Jeffrey Vanbibber repeatedly rammed his vehicle into Elizabeth Wilson's truck, he was convicted of Level 5 felony intimidation and Level 6 felony criminal recklessness. He now appeals these convictions, contending the evidence at trial was insufficient to prove he committed intimidation and that his convictions violate substantive double jeopardy. We affirm in part, reverse in part, and remand.

## Facts and Procedural History

[2] On September 27, 2023, Wilson's ex-husband drove her home in the Ford pickup truck they shared. When she arrived home, she saw Vanbibber driving on a nearby street. Wilson and Vanbibber had recently ended a six-month relationship, and he was near Wilson's home that day, in part, to see whether she was having male visitors.

[3] Seeing Vanbibber, Wilson decided not to get out of the truck, and she and her ex-husband drove out of the neighborhood. When Vanbibber followed them, Wilson called 911. *See* State's Exhibit 1. She reported that Vanbibber was in front of them swerving and hitting his brakes in an attempt to force a collision. *See id.* at 0:20-0:29. Vanbibber then pulled beside their truck, dropped back behind them, and "rammed [Wilson's] [truck] with his" vehicle "[q]uite a few" times over the course of several minutes. Transcript at 178, 182, 189; *see* State's Ex. 1. Wilson told the 911 dispatcher that Vanbibber was trying to "run

[them] off the road" and exclaimed multiple times that Vanbibber was hitting their truck. *Id.* at 00:10-00:13, 1:10, 1:42-1:44, 2:39-2:42, 2:56-2:58. She "felt like somebody was going to get really hurt" and told the 911 dispatcher that Vanbibber "[was] going to kill [them]." Tr. at 182; State's Ex. 1 at 2:59-3:02, 6:56-6:58. Vanbibber drove off after a few minutes. The rear and passenger side of Wilson's truck suffered "significant damage[,]" including a large dent and broken taillight. Tr. at 158; State's Ex. 2-6.

[4] The State charged Vanbibber with Count I: Intimidation, a Level 5 felony;[1] Count II: Criminal Recklessness, a Level 6 felony.[2] Following a jury trial, Vanbibber was found guilty of both charges. The trial court sentenced Vanbibber to an aggregate sentence of four years with two years executed on home detention and two years suspended to probation.

## Discussion and Decision

## 1. Sufficiency of the Evidence

[5] Vanbibber challenges the sufficiency of the evidence supporting his conviction for intimidation. Sufficiency claims "trigger a deferential standard of review in which we 'neither reweigh the evidence nor judge witness credibility, instead

---

[1] Ind. Code § 35-45-2-1(a)(4), (b)(2)(A).

[2] I.C. § 35-42-2-2(a), (b)(1)(A).

The State also charged Vanbibber with Count III: Criminal Mischief, a Class A misdemeanor, but the trial court later dismissed Count III on the State's motion. Furthermore, in October 2024, more than one year after Vanbibber was originally charged, the trial court permitted the State to amend the relevant counts in the charging information to correct a scrivener's error.

reserving those matters to the province of the jury.'" *Hancz-Barron v. State*, 235 N.E.3d 1237, 1244 (Ind. 2024) (quoting *Brantley v. State*, 91 N.E.3d 566, 570 (Ind. 2018), *reh'g denied, cert. denied*). When conducting our review, "we consider only the evidence that supports the jury's determination, not evidence that might undermine it." *Id.* We affirm "if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt." *McHenry v State*, 820 N.E.2d 124, 126 (Ind. 2005) (quoting *Tobar v. State*, 740 N.E.2d 109, 111-12 (Ind. 2000)).

[6] To convict Vanbibber of Level 5 felony intimidation, the State had to prove he communicated a threat to harm Wilson with the intent that she be placed in fear that the threat would be carried out, and he did so while using a deadly weapon—his vehicle.[3] *See* Ind. Code § 35-45-2-1(a)(4), (b)(2)(A). Under the intimidation statute, a "threat" is defined, in relevant part, as "an expression, by words or action, of an intention to [] unlawfully injure the person threatened or another person, or damage property[.]" I.C. § 35-45-2-1(c)(1). What constitutes "a threat is an objective question for the trier of fact." *Newell v. State*,

---

[3] Vanbibber does not dispute that his use of a vehicle to commit the offense constituted use of a "deadly weapon" under the intimidation statute. While we have found no case law specifically identifying a vehicle as a deadly weapon for purposes of intimidation, a vehicle has been considered a deadly weapon under appropriate circumstances in the context of battery and criminal recklessness offenses. *See Henson v. State*, 86 N.E.3d 432, 440 (Ind. Ct. App. 2017); *see also DeWhitt v. State*, 829 N.E.2d 1055, 1064 (Ind. Ct. App. 2005), *reh'g denied*; *Gleason v. State*, 965 N.E.2d 702, 709 (Ind. Ct. App. 2012). We also note that the definition of "deadly weapon" under Title 35 does not preclude a vehicle from being classified as a deadly weapon, so long as the vehicle is used or intended to be used in a manner that is "readily capable of causing serious bodily injury." *See* I.C. § 35-31.5-2-86(a)(2).

7 N.E.3d 367, 369 (Ind. Ct. App. 2014), *trans. denied*. "A defendant's intent may be proven by circumstantial evidence alone, and . . . may be inferred from the facts and circumstances of each case." *B.B. v. State*, 141 N.E.3d 856, 860 (Ind. Ct. App. 2020) (quoting *Chastain v. State*, 58 N.E.3d 235, 240 (Ind. Ct. App. 2016), *trans. denied*).

[7] Vanbibber argues that he "did not threaten to harm Wilson by ramming her vehicle, he *did* ram her vehicle." Appellant's Brief at 10 (emphasis in original). In other words, he concedes that he committed criminal recklessness while arguing that he transmitted no threat to Wilson. Citing to principles of statutory construction, Vanbibber contends the intimidation statute does not contemplate his conduct because "a threat must express an intention to do something else, a separate act." *Id.* Vanbibber suggests that holding otherwise would effectively "define every completed criminal act as an act of intimidation." *Id.* The State, on the other hand, argues that Vanbibber's "act of repeatedly rear-ending [Wilson's truck] was an expression of his intent to unlawfully injure her with his vehicle by committing the additional act of running her off the road or causing a more serious collision." Appellee's Brief at 9. In this instance, we agree with the State.

[8] Under certain fact-dependent circumstances, a defendant's commission of multiple criminal acts permits a trier of fact to infer that those actions were also

intended to threaten distinct future harm.[4]  We agree with the State that the intimidation statute permits criminalization in such instances.

[9]  Here, Vanbibber's repeated action of ramming his vehicle into Wilson's truck was sufficient to show that he intended to communicate a threat and place Wilson in fear that his threat would be carried out.  The totality of the circumstances shows that Vanbibber and Wilson had recently ended a romantic relationship and that Vanbibber was near Wilson's home on the day of the incident in part to see if she was having men over.  After Wilson and her ex-husband pulled out of her driveway, Vanbibber drove his vehicle beside their truck while they were traveling down the road, dropped behind them, and then rammed their truck "[q]uite a few" times over several minutes.  A threat, by statutory definition, may be communicated by word *or* action, i.e., ramming. *See* I.C. § 35-45-2-1(c).  And while Vanbibber was ramming her truck, Wilson called 911, clearly upset, and informed the operator that she believed Vanbibber might run her off the road and kill her. *Cf. Newell*, 7 N.E.3d at 369 (noting

---

[4] We find persuasive this Court's unpublished memorandum decision in *D.M. v. State*, No. 24A-JV-2466, 2025 WL 914060 at *2-3 (Ind. Ct. App. March 26, 2025) (mem.), *trans. denied*.  There, a juvenile, D.M., drove by and pointed a firearm at another boy he had a grievance with twice in about fifteen minutes. *Id.* at *1.  The second time, D.M. had someone in the car with him who did the same. *Id.*  D.M. was adjudicated delinquent for committing Level 5 felony intimidation if committed by an adult. *Id.*  On appeal, he argued that a violation of the pointing a firearm statute could not automatically constitute intimidation. *Id.* at *2. We held that sufficient evidence supported his adjudication "not only because he displayed or pointed a handgun at B.T., but because he did so twice within a short period of time, he enlisted C.L. to join in on the menacing conduct the second time around, and the boys had a history of conflict that gave B.T. extra reason to fear that D.M. might actually cause him physical harm." *Id.* at 3.  It is in instances like these—where background facts and multiple violations of a different criminal statute give rise to a reasonable inference that the conduct was intended to threaten a separate harm—when the imposition of criminal liability for intimidation may also be appropriate.

victim's immediate reaction of taking defendant's statement very seriously supported threat finding). From these circumstances, it is reasonable to infer that Vanbibber not only intended to ram Wilson's truck but also intended to place her in fear that he would weaponize his vehicle further—such as by running her off the road—to unlawfully injure her. Thus, we conclude the evidence was sufficient to support Vanbibber's intimidation conviction.

## 2. Double Jeopardy

[10] Vanbibber relatedly argues that his convictions for intimidation and criminal recklessness violate substantive double jeopardy. A claim of double jeopardy "presents a question of law that we review de novo." *Carranza v. State*, 184 N.E.3d 712, 715 (Ind. Ct. App. 2022).

[11] "[T]he substantive bar to double jeopardy restrains the **courts'** power to impose multiple punishments for the same offense, not the legislative authority to define crimes and fix punishments." *Wadle v. State*, 151 N.E.3d 227, 247 (Ind. 2020) (emphasis in original). When one criminal act or transaction is claimed to have resulted in multiple convictions under separate statutes with common elements, we perform the three-step analysis articulated in *Wadle* and recently clarified in *A.W. v. State*, 229 N.E.3d 1060, 1066-71 (Ind. 2024) to determine whether the convictions violate double jeopardy.

[12] Step 1 is straightforward: "If the language of either statute clearly permits multiple punishment, either expressly or by unmistakable implication, the court's inquiry comes to an end and there is no violation of substantive double

jeopardy." *Wadle*, 151 N.E.3d at 248. Here, Vanbibber was convicted of intimidation and criminal recklessness, and neither of these statutes clearly permits multiple punishment. *See* I.C. §§ 35-45-2-1(a)(4), (b)(2)(A), 35-42-2-2(a), (b)(1)(A).

[13] When the statutory language does not clearly permit multiple punishment, we proceed to Step 2 and "apply our included-offense statutes to determine **statutory intent**." *A.W.*, 229 N.E.3d at 1066 (quoting *Wadle*, 151 N.E.3d at 248) (emphasis in original). We do so because "a trial court may not enter judgment of conviction and sentence for both an offense and an 'included offense.'" *Wadle*, 151 N.E.3d at 248; *see also* I.C. § 35-38-1-6. Our legislature has defined an "included offense" as an offense that:

> (1) is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;
>
> (2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or
>
> (3) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission.

I.C. § 35-31.5-2-168; *see also A.W.*, 229 N.E.3d at 1067 (concluding an inherently included offense "must fit within one of those enumerated subsections").

"If neither offense is an included offense of the other (either inherently or as charged), there is no violation of double jeopardy." *Wadle*, 151 N.E.3d at 248. In this case, Vanbibber concedes his offenses are not inherently included but argues they are included as charged—or factually included. *See* Appellant's Br. at 14; *see also A.W.*, 229 N.E.3d at 1067 (noting "as charged" and "factual" inclusion are synonymous under *Wadle*).

When determining whether an offense is factually included in another offense, we consider whether "the charging instrument alleges that the means used to commit the crime charged include all of the elements of the alleged lesser included offense." *A.W.*, 229 N.E.3d at 1067 (quoting *Wadle* 151 N.E.3d at 251 n.30). In doing so, "a court may examine only the **facts as presented on the face of the charging instrument**." *Id.* (emphasis in original). "[W]here ambiguities exist in a charging instrument about whether one offense is factually included in another, courts must construe those ambiguities in the defendant's favor, and thus find a presumptive double jeopardy violation at Step 2." *Id.* at 1069 (clarifying *Wadle* and eliminating prior "asymmetrical benefit to the State" that allowed a prosecutor to include or not include certain facts in the charging instrument to "decisively determine" later double jeopardy claims). An ambiguity exists "[i]f any conceivable facts from one charge include all the elements of the other charge[.]" *Bradshaw v. State*, 239 N.E.3d 864, 871 (Ind. Ct. App. 2024) (Felix, J., dissenting) (citing *A.W.*, 229 N.E.3d at 1069). If the charging instrument is ambiguous and a presumption of a double

jeopardy violation arises, the State may rebut this presumption in Step 3. *A.W.*, 229 N.E.3d at 1069.

[16] We find that the information used to charge Vanbibber is ambiguous. The State charged Vanbibber as follows:

> COUNT I: On or about September 27, 2023, [Vanbibber] did communicate a threat to [Wilson], another person, by using a deadly weapon, that is, [Vanbibber], while driving said vehicle, did drive said vehicle in a manner indicating he would harm [Wilson], with the intent that [Wilson] be placed in fear that the threat will be carried out;

> COUNT II: On or about September 27, 2023, [Vanbibber] did recklessly with a deadly weapon, to wit: a vehicle, perform an act, to wit: drive said vehicle that created a substantial risk of bodily injury to [Wilson][.]

Appellant's App. Vol. 2 at 103.

[17] Both counts allege that Vanbibber drove his vehicle in a manner that accomplished the offense. Without any additional facts clearly distinguishing the offenses, it is entirely conceivable that the means Vanbibber used to commit intimidation included all the elements of criminal recklessness. Thus, we conclude the offenses are factually included because the charging instrument is ambiguous as to whether it seeks to punish the same conduct. We proceed to Step 3 presuming a double jeopardy violation occurred.

[18] At Step 3, the court has determined one of the offenses is included in the other and must then "examine the **facts underlying those offenses**, as presented in

the charging instrument and as adduced at trial." *A.W.*, 229 N.E.3d at 1071 (quoting *Wadle*, 151 N.E.3d at 249) (emphasis in original). This step allows the State to rebut the presumption of a double jeopardy violation by showing a "distinction between what would otherwise be two of the 'same' offenses." *Id.* When the facts show "a defendant's actions were 'so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction[,]'" multiple convictions will be found to violate substantive double jeopardy. *Id.* (quoting *Wadle*, 151 N.E.3d at 249).

[19]     The State argues that Vanbibber's commission of intimidation and criminal recklessness were distinct given the evidence adduced at trial. The State contends that the intimidation "began at an earlier time and a separate place" than the criminal recklessness. Appellee's Br. at 12. This is so, the State argues, because Vanbibber's intimidation started when he drove near Wilson's house, began to follow her truck, and then pulled his vehicle next to hers before dropping back and hitting her truck multiple times. The criminal recklessness, as the State puts it, occurred "when [Vanbibber] intentionally drove his vehicle into" Wilson's truck. *Id.*

[20]     First, we note that the State's double jeopardy argument contradicts its earlier argument about the sufficiency of the evidence to support Vanbibber's conviction for intimidation. While the State mentioned Vanbibber's pre-ramming conduct in its sufficiency argument, it argued that Vanbibber's "act of repeatedly rear-ending her vehicle was an expression of his intent to unlawfully injure her with his vehicle by committing the additional act of running her off of

the road or causing a more serious collision." *Id.* at 9. The latter characterization of the evidence mirrors the State's closing argument at trial. In closing, the State argued regarding intimidation:

> If someone's repeatedly ramming a pickup truck into a vehicle that you are inside of, we know that they are intending for you to be placed in fear that the threat would be carried out. . . . Here we have a threat in the form of an action. We have someone that's driving their vehicle in such a manner [] that they are indicating that they would harm another person. [Vanbibber] literally rammed his vehicle several times into the vehicle that [Wilson] was in.

Tr. at 215. As to criminal recklessness, the State argued:

> We just have to prove that he performed an act that created a substantial risk, just a risk, a substantial risk of bodily injury. We have a car collision. There's no question that a car collision creates a substantial risk of bodily injury.
>
> . . .
>
> Criminal recklessness is very simple. He told you what happened. If you take his own words, he told you that he got upset and he rammed into it. That's criminal recklessness.

*Id.* at 217, 223.

[21] Accordingly, the facts used to support both charges "show only a single continuous crime[.]" *A.W.*, 229 N.E.3d at 1071 (quoting *Wadle*, 151 N.E.3d at 249). Even if we accept the State's argument that the intimidation offense

should be viewed as a broader transaction, the same reasoning applies to the criminal recklessness offense. Because Wilson was so concerned about Vanbibber's driving behavior that she called 911 and reported that Vanbibber was swerving in front of her truck and brake checking her before pulling beside her truck, dropping back, and ultimately ramming it, we can reasonably infer that Vanbibber's reckless driving created a substantial risk of bodily injury to Wilson at some point before he struck her truck. For these reasons, we find that the "tight compression" of the facts supporting both offenses show a violation of substantive double jeopardy. *Id.* at 1073. We thus conclude that Vanbibber's conviction for criminal recklessness must be vacated. *See Moala v. State*, 969 N.E.2d 1061, 1065-67 (Ind. Ct. App. 2012) (explaining we vacate the conviction that carries less severe penal consequences when a double jeopardy violation is found).

## Conclusion

[22] For the foregoing reasons, we conclude that Vanbibber's conviction for intimidation was supported by sufficient evidence but that his convictions for both intimidation and criminal recklessness violate substantive double jeopardy. We reverse and remand to the trial court with instructions to vacate the criminal recklessness conviction and sentence.

[23] Affirmed in part, reversed in part, and remanded.

Altice, C.J., and Pyle, J., concur.

ATTORNEYS FOR APPELLANT

Talisha Griffin
Joshua Vincent
Marion County Public Defender Agency
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Indiana Attorney General
Indianapolis, Indiana

Kelly A. Loy
Assistant Section Chief, Criminal Appeals
Indianapolis, Indiana