Charles Ray WEIDA, III, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 08A02–9706–CR–351.

Court of Appeals of Indiana.

March 31, 1998.

Rehearing Denied May 4, 1998.

Transfer Denied July 8, 1998.

Darrel K. Diamond, Delphi, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Rachel Zaffrann, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

KIRSCH, Judge.

Charles Ray Weida, III appeals his conviction of operating a vehicle while intoxicated,[1] a Class D felony, and his sentence enhancement for being an habitual substance offender. He raises five issues for our review:

I. Whether the State presented sufficient independent proof of the corpus delicti so that Weida's admission to being the driver of the vehicle was admissible.

II. Whether the evidence was sufficient to support Weida's conviction.

III. Whether Weida was subjected to an impermissible double enhancement of his sentence.

IV. Whether the trial court properly instructed the jury concerning its duty to determine the law.

V. Whether the trial court properly enhanced Weida's sentence.

We affirm.

1. See IC 9–30–5–2, –3.

## FACTS AND PROCEDURAL HISTORY

In the late afternoon of October 29, 1996, Weida met his friend, Mark Farrell, at a tavern in Delphi. Sometime after dark and after consuming alcoholic beverages, Weida and Farrell left the tavern in Weida's truck. The truck ended up in a ditch. Farrell was intoxicated, but remembers sitting in the passenger seat and Weida standing outside the passenger door, asking him to help get Weida's truck out of the ditch. Farrell got out of the truck, climbed in on the driver's side, and started to rock the truck back and forth in the ditch. No one else was present but Weida and Farrell.

Indiana State Trooper Curt Dittmaier was dispatched to the scene. There, he discovered Weida's truck in the ditch, Farrell in the driver's seat, and Weida in the passenger seat. Farrell told Officer Dittmaier that he was not driving the truck when it went into the ditch. When Officer Dittmaier asked Weida what happened, Weida admitted driving the truck. As Officer Dittmaier spoke with Weida, he noticed that Weida had difficulty removing his driver's license from his wallet, had slurred speech, had bloodshot and watery eyes, and smelled strongly of alcoholic beverages. Officer Dittmaier also noticed two open beer cans on the floor of the truck.

Because it was raining very hard, Officer Dittmaier took Weida to the county jail to administer field sobriety tests. Weida exhibited poor balance as he walked into the jail. Officer Dittmaier asked Weida to perform two different field sobriety tests, both of which Weida failed. Officer Dittmaier then told Weida he had probable cause to believe that Weida was intoxicated and informed Weida of Indiana's Implied Consent Law. Weida agreed to submit to a chemical breath test which revealed that he had a blood alcohol content of .22.

Weida was charged with operating while intoxicated as a Class A misdemeanor and, in a separate charging information, with operating while intoxicated as a Class D felony based upon the existence of a qualifying prior conviction. Weida was also charged as an habitual substance offender. In a bifurcated

proceeding, a jury convicted Weida as charged. The trial court sentenced Weida to two years on the D felony charge, enhanced by three years based upon the habitual substance offender finding, for a total sentence of five years. Weida appeals.

## DISCUSSION AND DECISION

### I. Corpus Delicti

 Weida first contends that the trial court erred by admitting evidence of Weida's admission that he was the driver of the truck because the State failed to present independent evidence of the corpus delicti. For a confession to be admitted into evidence, the State must establish the corpus delicti. *Rickey v. State*, 661 N.E.2d 18, 23 (Ind.Ct. App.1996), *trans. denied.* The purpose for requiring proof of the corpus delicti is to prevent the admission of a defendant's confession to a crime that never occurred. *Hurt v. State*, 570 N.E.2d 16, 19 (Ind.1991). The State is not required to prove the corpus delicti beyond a reasonable doubt, but must present independent evidence from which an inference may be drawn that a crime was committed. *Douglas v. State*, 481 N.E.2d 107, 110 (Ind.1985). The corpus delicti need not be established prior to admission of the confession so long as the totality of independent evidence presented at trial establishes it. *Morgan v. State*, 544 N.E.2d 143, 146 (Ind.1989). The corpus delicti may be established by circumstantial evidence. *Grey v. State*, 273 Ind. 439, 442, 404 N.E.2d 1348, 1350 (1980).

The corpus delicti here was established, without regard to Weida's statement, by evidence that Farrell and Weida were drinking alcoholic beverages from the late afternoon until after dark. The two left in Weida's truck which ended up in a ditch. Only Farrell and Weida were present and both were intoxicated. This evidence establishes that the offense of driving under the influence was in fact committed by one of these two individuals.

We acknowledge Weida's argument distinguishing between a qualitative and a quantitative standard for proving the corpus delicti. The evidence here satisfies either standard.

Although Weida advances several hypothetical situations that may provide alternative explanations for Weida's truck ending up in the ditch, the evidence supports the reasonable inference that an intoxicated person drove it there. This is all that is required to prove the corpus delicti and render Weida's admission to driving the truck admissible. *See id.* at 442, 404 N.E.2d at 1351 (although circumstances do not exclude hypothesis of noncriminal cause for injuries, corpus delicti established by circumstances which are consistent with and give rise to reasonable inference that crime occurred).

### II. Sufficiency of Evidence

 Weida challenges the sufficiency of the evidence on two grounds. The first ground is premised on the identification of Weida as the driver. Having determined that Weida's statement that he was the driver of the truck was properly admitted, the evidence is necessarily sufficient to establish this element. Weida also claims that the evidence was insufficient to establish the temporal element of the crime, i.e., that he was driving the car "while" intoxicated.

 When reviewing claims involving the sufficiency of the evidence, this court considers only the evidence and the reasonable inferences arising therefrom which support the verdict. *Davis v. State*, 672 N.E.2d 1365, 1366 (Ind.Ct.App.1996). Without weighing the evidence or determining witness credibility, we will affirm a conviction if the evidence and inferences establish that a trier of fact could reasonably conclude that the defendant was guilty beyond a reasonable doubt. *Boushehry v. State*, 648 N.E.2d 1174, 1176 (Ind.Ct.App.1995).

The evidence establishes that the accident was reported at 9:16 p.m. and that Officer Dittmaier arrived on the scene five to seven minutes later. Officer Dittmaier had driven through the area about one hour earlier and not seen the vehicle. The breath test was administered to Weida at the jail at 10:09 p.m. This evidence establishes that less than three hours elapsed between the accident and the administration of the breath test that revealed Weida's .22 blood alcohol level. Under such circumstances, intoxication at the time the person operated the vehicle may be

presumed. IC 9–30–6–2, –15. *See also Thompson v. State,* 646 N.E.2d 687, 692–93 (Ind.Ct.App.1995), *trans. denied.* Although Weida argues that the evidence permits inferences that Weida was not intoxicated at the time he operated the vehicle, it was for the jury to weigh the evidence and draw any inferences. We will not disturb the jury's conclusions.

### III. Double Enhancement

■ Weida next claims that he was subjected to an impermissible double enhancement when he was convicted of operating while intoxicated as a Class D felony, rather than as a Class A misdemeanor, based upon the existence of a prior conviction, and when he was sentenced as an habitual substance offender based upon the existence of two prior operating while intoxicated convictions. Weida claims that such a double enhancement is prohibited by our supreme court's pronouncements in *Freeman v. State,* 658 N.E.2d 68 (Ind.1995).

In *Freeman,* our supreme court held that the legislature did not intend for a defendant to be punished under both IC 9–30–5–3 (operating while intoxicated as a Class D felony) and IC 35–50–2–10 (habitual substance offender). Because IC 9–30–5–3 was the more specific of the two statutes, the court held that it was the only punishment to which a defendant may be subjected. *Id.* at 71. In a companion case, the supreme court relied on *Freeman* and stated that "[i]n the absence of clear legislative language to the contrary, such double enhancement cannot be permitted." *Devore v. State,* 657 N.E.2d 740, 742 (Ind.1995).

*Freeman* and *Devore* were decided in 1995 and were based upon IC 35–50–2–10 and its broad definition of "substance offense" as any "Class A misdemeanor or Class D felony involving the possession, use, abuse, delivery, transportation, or manufacture of alcohol or drugs." *Freeman,* 658 N.E.2d at 69–70. In 1996, the Indiana General Assembly amended the statutory definition of substance offense by adding the language: "The term includes an offense under IC 9–30–5 . . . ." Pub.L. No. 97–1996, § 5 and Pub.L. No. 96–1996, § 8. This is the clear legislative language found absent in *Freeman* and *Devore.*

*See Jones v. State,* 457 N.E.2d 231, 234 (Ind. Ct.App.1983) (discussing amendment to definition of dwelling in burglary statute and noting that legislative amendment to statute that has been construed by courts is presumed to be response to such appellate decisions). *See also Haymaker v. State,* 667 N.E.2d 1113, 1115 (Ind.1996) (noting amendment to IC 35–50–2–10 and declaring that "effective July 1, 1996, prior convictions under I.C. 9–30–5 (operating a vehicle while intoxicated) will be available as predicate offenses for habitual substance offender enhancements."). Given the statutory amendment, the double enhancement of Weida's sentence was proper.

### IV. Jury Instructions

Weida next contends that the trial court erred when it gave the following jury instruction:

"Under the Constitution of Indiana the jury is given the right to decide both the law and the facts. In fulfilling this duty you are to apply the law as you actually find it, and you are not to disregard it for any reason. The instructions of the court are your best source in determining what the law is."

*Record* at 56. Weida recognizes that Indiana courts have approved a form of this instruction on many occasions. *See, e.g., Johnson v. State,* 518 N.E.2d 1073, 1076 (Ind.1988); *Jackson v. State,* 657 N.E.2d 131, 135 (Ind. Ct.App.1995), *abrogated on other grounds by Winegeart v. State,* 665 N.E.2d 893 (Ind. 1996). Nonetheless, Weida argues that we should reexamine the instruction in light of *Price v. State,* 622 N.E.2d 954 (Ind.1993). We see nothing in *Price* that warrants changing existing precedent concerning the challenged instruction.

### V. Enhanced Sentence

■ Finally, Weida claims that the trial court improperly imposed an enhanced sentence on the D felony conviction. The trial court enhanced Weida's sentence based upon his repeated commission of alcohol-related offenses despite the imposition of probation and short-term imprisonment. The court also noted as an aggravating circumstance Weida's extreme level of intoxication when he

operated his vehicle. These were sufficient aggravating circumstances to enhance the one and one-half year presumptive term to two years. IC 35–50–2–7 (one and one-half years is presumptive term for Class D felony). *See Scheckel v. State*, 620 N.E.2d 681, 685 (Ind.1993) (ineffectiveness of previous rehabilitative treatment is valid aggravating factor); *Schick v. State*, 570 N.E.2d 918, 925 (Ind.Ct.App.1991) (continued alcohol abuse is valid aggravating factor), *trans. denied.*

Affirmed.

FRIEDLANDER, J., concurs.

SULLIVAN, J., concurs in part and dissents in part with separate opinion.

SULLIVAN, Judge, concurring in part and dissenting in part.

I fully concur with respect to Parts I, II, IV, and V. However, I dissent with respect to Part III.

In my view, *Freeman v. State* (1995) Ind., 658 N.E.2d 68, and *Devore v. State* (1995) Ind., 657 N.E.2d 740, remain viable as controlling authority, notwithstanding the 1996 amendment of I.C. 35–50–2–10. *See also Morphew v. State* (1996) Ind.App., 672 N.E.2d 461. By adding offenses under IC 9–30–5, embracing all of the numerous offenses set forth in that Chapter, I.C. 35–50–2–10 was made broader not more specific. The statutory scheme reflected by I.C. 9–30–5 remains the more specific of the two. Furthermore, if one focuses upon I.C. 9–30–5–3, with which we are here concerned, it is apparent that the "previous conviction" component renders that particular provision even more specific and detailed with regard to the overall statutory scheme for punishment.

For this reason, I would reverse the habitual substance offender enhancement and remand for modification of the sentence to reflect only the sentence of two years, with one year suspended, for the Class D felony.