Timothy M. FLANAGAN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 35A02–0410–CR–814.

Court of Appeals of Indiana.

Aug. 23, 2005.

Jill M. Denman, Jeremy K. Nix, Matheny, Michael, Hahn & Denman LLP, Huntington, for Appellant.

Steve Carter, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

VAIDIK, Judge.

### Case Summary

Timothy M. Flanagan appeals following his convictions for operating while intoxicated and public intoxication. Because there is insufficient evidence to prove that Flanagan was intoxicated at the time he operated a vehicle, we reverse his conviction for operating while intoxicated.

### Facts and Procedural History

On February 12, 2004, Flanagan and his passenger, Chris Kamphulusa, were traveling from Allen County, Indiana, to Huntington County, Indiana, when the vehicle Flanagan was driving became disabled on U.S. 224. Sometime after 4:00 p.m. on that day, Huntington County Sheriff's Deputy David McVoy observed a disabled vehicle on the side of the roadway with two men, later determined to be Flanagan and Kamphulusa, standing near the rear of the vehicle. Deputy McVoy did not know how long the vehicle had been there. At the time, Deputy McVoy was in the process of transporting a prisoner to Wells County, Indiana, and therefore, he did not stop to assist the men. After he finished transporting the prisoner, Deputy McVoy returned to the disabled vehicle. By this time, the men had started walking toward a local convenience store. Deputy McVoy stopped and offered the men a ride, which they accepted.

While speaking with Flanagan and Kamphulusa on the way to the convenience store, Deputy McVoy detected the odor of alcohol on Flanagan. Deputy McVoy also observed that Flanagan's eyes were red and watery and that his speech was slurred. Given these observations, Deputy McVoy asked Flanagan to submit to a portable breath test, which Flanagan failed. Deputy McVoy then arrested Flanagan. Kamphulusa exhibited no signs of intoxication.

Before driving to the police station, Deputy McVoy and the men returned to the vehicle so that Kamphulusa could retrieve his personal belongings. At this time, Flanagan had the keys to the vehicle in his pants pocket. After Kamphulusa had retrieved his belongings, Deputy McVoy transported Flanagan to the police station for a certified breath test, which established that Flanagan's blood alcohol content was .22 when the test was administered at 6:00 p.m. Meanwhile, Flanagan informed jail personnel that he had been driving from Fort Wayne when the vehicle broke down. Deputy McVoy later returned to the vehicle to secure it. While doing so, he observed empty Budweiser beer cans in paper bags on the back seat floorboard behind the driver's seat.

The State charged Flanagan with Operating a Vehicle with .15 or More Blood Alcohol Content, a Class A misdemeanor;[1] Operating a Vehicle While Intoxicated, a Class C misdemeanor;[2] and Public Intoxication, a Class B misdemeanor.[3] A jury

1. Ind.Code § 9–30–5–1(b).

2. Ind.Code § 9–30–5–2(a). Initially, the State also charged Flanagan with Operating While Intoxicated Endangerment charge. *See* I.C.

§ 9–30–5–2(b). On the State's motion, this charge was dismissed the day of trial.

3. Ind.Code § 7.1–5–1–3. This count was added by amendment. Flanagan does not challenge this conviction.

found Flanagan guilty of operating while intoxicated and public intoxication but acquitted Flanagan of operating a vehicle with .15 or more blood alcohol content. Flanagan moved the trial court to set aside the jury verdict on the charge of operating while intoxicated on the grounds that his convictions for both operating while intoxicated and public intoxication violate Indiana double jeopardy principles. The trial court denied the motion and sentenced Flanagan to sixty days at the Huntington County Jail, with all but thirty days suspended, for his operating while intoxicated conviction and 180 days, with all but sixty days suspended, for his public intoxication conviction. The trial court ordered that the sentences be served concurrently. Flanagan now appeals.

### Discussion and Decision

■■■ The dispositive issue in this appeal is whether the State presented sufficient evidence in support of Flanagan's conviction for operating while intoxicated. In order to sustain a conviction under Indiana Code § 9–30–5–2, the State must prove beyond a reasonable doubt that (1) the accused; (2) operated; (3) a vehicle; (4) while; (5) intoxicated. Flanagan does not dispute that he was intoxicated when Deputy McVoy encountered him walking along U.S. 224. Moreover, Flanagan admitted to jail personnel that he had been driving the vehicle. Flanagan, however, argues that the State failed to establish that he operated a vehicle "while" intoxicated. Appellant's Br. p. 14. Thus, we turn our attention to the temporal element of driving while intoxicated.

This case is similar in several respects to *Weida v. State*, 693 N.E.2d 598 (Ind.Ct. App.1998), *reh'g denied, trans. denied.* Weida was arrested for and convicted of operating while intoxicated after he drove his truck into a ditch. Among other things, Weida appealed his conviction on the basis that the State failed to provide evidence that he was driving "while" intoxicated. *Id.* at 600. We rejected his claim of insufficient evidence regarding the temporal element of the crime because the evidence established that Weida had been drinking at a local tavern before driving his truck into the ditch; the officer reported on the scene within five to seven minutes after the accident was reported; the truck was not in the ditch when the officer had driven by one hour earlier; and that a breath test was administered to Weida within three hours of the accident, which indicated a blood alcohol level of .22. We explained that "[u]nder such circumstances, intoxication at the time the person operated the vehicle may be presumed." *Id.* at 600–01.

We cannot reach the same conclusion in this case. Deputy McVoy first spotted the vehicle with Flanagan and Kamphulusa standing outside of it around 4:00 p.m. Deputy McVoy testified that he did not know how long the vehicle had been sitting on the side of the roadway before he first encountered it. After arresting Flanagan and returning to the vehicle to inventory and secure it, Deputy McVoy recovered several Budweiser cans in the back floorboard of the vehicle. Flanagan admitted to Deputy McVoy that he had consumed some beer. In contrast to *Weida*, there was no evidence presented in this case as to when Flanagan consumed alcohol. This is a critical piece of evidence without which the State cannot sustain its burden. This is so because it could be that Flanagan consumed beer after the vehicle broke down, and when the beers were all gone, the men decided to venture to a nearby store to call for assistance. Consequently, the State failed to meet its burden of proving beyond a reasonable doubt that Flanagan operated a vehicle while intoxi-

cated, and his conviction for that offense must be reversed.[4]

Reversed.

SHARPNACK, J., and MAY, J., concur.

---

4. Because there is an absence of proof regarding the temporal element of operating while intoxicated and we therefore find the evidence is insufficient to support his conviction, we need not reach Flanagan's corpus delicti and double jeopardy arguments.