**Amy McCRAY, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0512–CR–1174.

Court of Appeals of Indiana.

July 20, 2006.

Transfer Denied Sept. 7, 2006.

Victoria L. Bailey, Gilroy Kammen & Hill, Ann Sutton, Marion County Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Nicole M. Schuster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Amy McCray (McCray), appeals her conviction for operating a vehicle while intoxicated, a Class A misdemeanor, Ind.Code § 9–30–5–2(b).

We affirm.

### ISSUE

McCray raises one issue on appeal, which we restate as: Whether the State presented sufficient evidence to sustain McCray's conviction for operating a vehicle while intoxicated.

### FACTS AND PROCEDURAL HISTORY

On the night of April 28, 2005, at approximately 10:13 p.m., Indianapolis Police Department Officer Frank Vanek (Officer Vanek) received a call to 1913 South Grant Avenue in Indianapolis, Indiana. The dispatch officer informed Officer Vanek that a female, later identified as McCray, was driving a red Chevrolet Beretta that had intentionally struck a car and was on her way to 1202 South Worcester. In order to investigate the hit and run, Officer Vanek proceeded to 1202 South Worcester to attempt to find the driver of the red Chevrolet Beretta. When Officer Vanek arrived at 1202 South Worcester, no one answered the door, so he obtained the telephone number and called the home. McCray opened the door.

Officer Vanek noticed that McCray "was extremely intoxicated." (Transcript p. 7). Specifically, "[s]he had an odor of an alcoholic beverage on her breath, speech was slightly slurred, her eyes were glassy and bloodshot." (Tr. p. 8). Officer Vanek also noticed that McCray displayed a slightly abusive attitude. After Officer Vanek read McCray her *Miranda* rights, McCray admitted to drinking four beers prior to driving to pick up her two children, and also driving to her boyfriend's house at 1913 South Grant Avenue where the two then got into an argument.

McCray further told Officer Vanek that she did not intentionally strike her boyfriend's vehicle, but that she drove home and parked the car in the garage and locked the children in the car. Officer Vanek went into the garage where he found her car, a red Chevrolet Beretta, with two children in the back seat, a seventeen-month old boy, and a four year-old girl. Neither child was in a safety seat, and the car was unlocked. Officer Vanek and another officer removed the children from the car. Then, Officer Vanek arrested McCray for neglect of a dependent. After arresting McCray, Officer Vanek was unable to administer a field sobriety test on McCray.

On April 29, 2005, the State filed an Information, charging McCray with Count I, operating a vehicle while intoxicated with a passenger less than eighteen years of age, as a Class D felony. On November 28, 2005, a bench trial commenced. At the close of the evidence, the trial court found McCray guilty of operating a vehicle while intoxicated as a Class A misdemeanor, as a lesser included offense. That same day, the trial court held a sentencing hearing where the trial court sentenced McCray to three hundred and sixty five days executed, with all but two days suspended to probation. Additionally, the trial court ordered McCray to perform one hundred hours of community service work.

McCray now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

■ McCray argues that the evidence presented by the State was insufficient to support her conviction for operating a vehicle while intoxicated, as a Class A misdemeanor. Specifically, she asserts that the

State failed to prove beyond a reasonable doubt the temporal element of the crime, *i.e.,* that she was actually intoxicated at the same time she operated her vehicle. We disagree.

Our standard of review for a sufficiency of the evidence claim is well settled. We will not reweigh the evidence or assess the credibility of witnesses. *Cox v. State,* 774 N.E.2d 1025, 1028–29 (Ind.Ct.App. 2002). We consider only the evidence most favorable to the judgment, together with all reasonable inferences that can be drawn therefrom. *Alspach v. State,* 755 N.E.2d 209, 210 (Ind.Ct.App.2001), *trans. denied.* The conviction will be affirmed if there is substantial evidence of probative value to support the conviction of the trier of fact. *Cox,* 774 N.E.2d at 1028–29. A judgment will be sustained based on circumstantial evidence alone if the circumstantial evidence supports a reasonable inference of guilt. *Maul v. State,* 731 N.E.2d 438, 439 (Ind.2000). Reversal is only appropriate when reasonable persons would be unable to form inferences as to each material element of the offense. *J.J.M. v. State,* 779 N.E.2d 602, 605 (Ind. Ct.App.2002).

Pursuant to I.C. § 9–30–5–2(b), operating a vehicle while intoxicated is a Class A misdemeanor "if the person operates a motor vehicle while intoxicated in a manner that endangers another person." Intoxication is defined by statute as being under the influence of alcohol, "so that there is an impaired condition of thought and action and the loss of normal control of a person's faculties." I.C. § 9–13–2–86. Thus, in order to convict McCray of this offense, the State was required to prove beyond a reasonable doubt that McCray operated her vehicle while intoxicated and in a manner that endangered another person. *See* I.C. § 9–30–5–2(b).

Here, McCray does not dispute that she was intoxicated when Officer Vanek questioned her. Officer Vanek testified that after he read McCray her *Miranda* rights, she admitted to operating a vehicle after drinking beer. At the bench trial, Officer Vanek testified that, "[s]he had an odor of alcoholic beverage on her breath, speech was slightly slurred, her eyes were glassy and bloodshot, she was . . . her attitude was slightly abusive . . ." (Tr. p. 8). Moreover, he testified that McCray told him that after she finished drinking at the bar, she drove down the street to pick up her two children and her boyfriend. Thus, evidence in the record shows that McCray admitted to operating her vehicle after drinking beer.

However, McCray's sole argument here is that the State failed to establish beyond a reasonable doubt that McCray operated a vehicle "while" intoxicated. (Appellant's Br. p. 8). McCray asserts that there was no evidence from which a reasonable finder of fact could have concluded that McCray's "intoxication" intersected with her "operating a vehicle." *Id.* Thus, we must examine the temporal element of operating a motor vehicle while intoxicated.

In support of her contention that the State's evidence on the temporal element of operating a motor vehicle while intoxicated was insufficient, McCray directs our attention to *Flanagan v. State,* 832 N.E.2d 1139 (Ind.Ct.App.2005). In *Flanagan,* a law enforcement officer observed Flanagan and another individual standing outside a disabled vehicle, and later noticed the men walking toward a convenience store. *Id.* The officer offered the men a ride, and subsequently detected the odor of alcohol on Flanagan, observing that his eyes were red and watery, and that his speech was slurred. *Id.* Upon the officer's questioning, Flanagan did not dispute that he was intoxicated, and admitted to driving the vehicle. *Id.* at 1141. However, we found that there was no evidence presented as to

when Flanagan consumed the alcohol. *Id.* We observed that without this critical piece of evidence, the State failed to meet its burden of proving beyond a reasonable doubt that Flanagan operated a vehicle while intoxicated. *Id.* Therefore, we reversed his conviction. *Id.*

In response to McCray's reliance on *Flanagan*, the State refers us to *Weida v. State*, 693 N.E.2d 598 (Ind.Ct.App.1998). In *Weida*, the defendant was convicted for operating a vehicle while intoxicated after his truck ended up in a ditch. *Id.* at 599–600. An officer arrived on the scene five to seven minutes after the accident was reported, and the defendant admitted driving the truck. *Id.* The officer noticed that the defendant had slurred speech, bloodshot and watery eyes, and smelled strongly of alcohol. *Id.* The defendant appealed his conviction on the basis that the State offered insufficient evidence to establish the temporal element of the crime, driving "while" intoxicated. *Id.* at 600. In rejecting his claim, we noted that the evidence established that the defendant visited a bar for drinks before driving the truck into the ditch, the officer arrived on the scene within five to seven minutes after the accident was reported, and that a breath test revealed that the defendant had a blood alcohol level of .22. *Id.* at 600.

We conclude that the present case can be distinguished from *Flanagan*. In *Flanagan*, there was no indication as to how long Flanagan was intoxicated, and whether he drove while intoxicated. However, both the instant case and *Weida* involve a reasonably defined time period in which the drinking, intoxication, and driving occurred. Similar to the defendant in *Weida*, the evidence most favorable to the judgment establishes that McCray had been drinking at a bar before driving her vehicle to pick up her children, and that she then drove to her residence. Like the officer in *Weida* who reported to the scene

within five to seven minutes after the accident was reported and discovered the defendant in a state of intoxication, the record reflects that Officer Vanek arrived at the scene, discovered McCray in a state of intoxication, and located the children in the car within a span of twenty minutes after receiving his dispatch report. After Officer Vanek read McCray her rights, she admitted to having consumed four beers prior to driving. Since there was limited time between receiving the call that a red Beretta was heading to the residence, and actually locating McCray in an intoxicated state, a fact finder could reasonably conclude that McCray drove while intoxicated. Therefore, we will not disturb the trial court's judgment.

## CONCLUSION

Based on the foregoing, we conclude that the State presented sufficient evidence to convict McCray of operating a vehicle while intoxicated.

Affirmed.

VAIDIK, J., and DARDEN, J., concur.