## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jan 23 2018, 9:21 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Bruce E. Andis
Lawrence County Public Defender Agency
Bedford, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michelle Robin Lord,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

January 23, 2018

Court of Appeals Case No.
47A01-1707-CR-1696

Appeal from the Lawrence Superior Court

The Honorable William G. Sleva, Judge

Trial Court Cause No.
47D02-1503-F6-273

**Crone, Judge.**

## Case Summary

[1] Michelle Robin Lord challenges the sufficiency of the evidence to support her convictions for level 6 felony operating a vehicle while intoxicated ("OWI") endangering a person and level 6 felony OWI with an alcohol concentration equivalent ("ACE") of .08 or more. We find the evidence sufficient to support her OWI convictions. Nevertheless, we review sua sponte the double jeopardy implications of Lord's OWI convictions and, concluding that entry of judgment on both convictions violates double jeopardy principles, we affirm her conviction for level 6 felony OWI with endangerment but remand with instructions to vacate her conviction and sentence for OWI with an ACE of .08 or more.

## Facts and Procedural History

[2] The evidence most favorable to the verdicts is as follows. At 10:35 p.m. on March 10, 2015, Bedford Police Department Major Danny Irwin and Captain Raquel Turner responded to a dispatch concerning suspicious people around two different houses in a residential area. When they arrived at the scene, Major Irwin "saw a vehicle in the neighboring yard which had two (2) people at it," Tr. Vol. 2 at 45, one of whom was Lord. The vehicle had gone over a small embankment and was stuck in a grassy area in residual slush, snow, and ice. The vehicle was registered to Lord, and Major Irwin observed that the driver's seat was in a position that was further forward than the passenger's seat. From this he inferred that Lord was the driver, as her companion was a taller male. When Major Irwin inquired about what happened, Lord admitted that she was

the driver and had unsuccessfully attempted to turn around. As he conversed with Lord, he observed that her speech was slurred, her eyes were bloodshot and glassy, and she smelled like an alcoholic beverage. She was covered in slush and water and told him that she had fallen three times. Major Irwin escorted her up to the pavement, where she underwent standardized field sobriety tests and failed all three. She consented to a certified chemical breath test, which showed her ACE to be 0.11.

[3] The officers arrested Lord for OWI and Mirandized her. Lord admitted that she had consumed a half pint of vodka and that she had been driving friends around that evening. Police found two empty bottles of vodka in Lord's vehicle.

[4] The State charged Lord with OWI with endangerment[1] and OWI with an ACE of 0.08,[2] both as level 6 felonies due to her previous OWI conviction. Lord admitted to her previous OWI, waiving a jury determination of the issue. The jury convicted her as charged. The trial court sentenced her to one year, fully suspended to probation.

[5] Lord now appeals. Additional facts will be provided as necessary.

---

[1] Ind. Code § 9-30-5-2(b).

[2] Ind. Code § 9-30-5-1(a).

# Discussion and Decision

## Section 1 – The evidence is sufficient to support Lord's OWI convictions.

Lord maintains that the evidence is insufficient to support her OWI convictions. When reviewing a challenge to the sufficiency of evidence, we neither reweigh evidence nor judge witness credibility. *Moore v. State*, 27 N.E.3d 749, 754 (Ind. 2015). Rather, we consider only the evidence and reasonable inferences most favorable to the verdict and will affirm the conviction unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Id*. Reversal is appropriate only when reasonable persons would be unable to form inferences as to each material element of the offense. *McCray v. State*, 850 N.E.2d 998, 1000 (Ind. Ct. App. 2006), *trans. denied*. The evidence need not "overcome every reasonable hypothesis of innocence." *Dalton v. State*, 56 N.E.3d 644, 647 (Ind. Ct. App. 2016 (quoting *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007)), *trans. denied*.

To obtain a conviction for OWI, the State must prove beyond a reasonable doubt that the accused operated a vehicle while intoxicated. Ind. Code § 9-30-5-2. Here, Lord challenges only the sufficiency of evidence to support the temporal element of each of her OWI offenses. In other words, she maintains that the State failed to prove that she was operating "while" intoxicated. She relies on *Flanagan v. State*, 832 N.E.2d 1139, 1141 (Ind. Ct. App. 2005), in which another panel of this Court held that the State failed to establish when the defendant had consumed his alcohol relative to his driving. There, a

sheriff's deputy spotted Flanagan and his passenger outside Flanagan's disabled vehicle on the side of the highway and did not stop to assist because he was conducting a prisoner transfer at the time. *Id*. at 1140. However, the deputy later returned to the disabled vehicle and found the two men walking toward a local convenience store. *Id*. He offered them a ride, and as they rode in his patrol vehicle, he noticed that Flanagan exhibited signs of intoxication. *Id*. Flanagan failed the portable breath test administered shortly thereafter and never disputed that he was intoxicated at the time that the deputy encountered him walking along the highway. *Id*. In reversing Flanagan's OWI conviction, the Court emphasized the deputy's testimony that he did not know how long the vehicle had been sitting on the side of the highway before he encountered it. *Id*. at 1141. Even then, the deputy did not stop immediately but returned after completing his prisoner transport duty. *Id*. at 1140. The *Flanagan* court concluded that there was simply no evidence presented as to when the defendant consumed alcohol and that it was reasonable to infer that he and his passenger drank beer after the vehicle had broken down and then, when they ran out of beer, decided to go for help. *Id*. at 1141.

[8]     We believe that Lord's circumstances are more akin to those in *McCray v. State*, 850 N.E.2d 998, 1001 (Ind. Ct. App. 2006), *trans. denied*, and *Weida v. State*, 693 N.E.2d 598, 600-01 (Ind. Ct. App. 1998), *trans. denied*, both of which affirmed OWI convictions in the face of challenges to the sufficiency of evidence to support the temporal element. Both *McCray* and *Weida* involved a "reasonably defined time period in which the drinking, intoxication, and driving occurred."

*McCray*, 850 N.E.2d at 1001. Weida consumed alcohol at a tavern and then crashed his vehicle in a ditch. *Weida*, 693 N.E.2d at 599. McCray consumed alcohol at a bar, picked up her children, intentionally struck her boyfriend's vehicle, drove home, and left the children inside her vehicle. *McCray*, 850 N.E.2d at 1001. In both cases, police arrived on the scene within minutes of being dispatched. Both the *Weida* and *McCray* courts emphasized that it is the factfinder's function to weigh the evidence concerning the temporal element.

[9] Here, Lord admitted to Captain Turner that she had consumed a half pint of vodka at a friend's house earlier that night, Tr. Vol. 2 at 117, and that she had spent the last few hours picking up friends, going to McDonald's, and driving friends home. When she drove over the embankment, her vehicle got stuck in the back yard of a residence. A neighbor noticed a disturbance outside and notified police. Major Irwin noted that the dispatch time was 10:35 p.m. and testified that he responded immediately and arrived in about ten minutes. On his arrival, he observed the hallmarks of intoxication in Lord's looks, odor, and behavior. Lord's chemical breath test, time-stamped 11:34 p.m., showed an ACE of 0.11. Forensic toxicologist Sheila Arnold testified that if Lord had consumed a half pint of vodka after 10:00 p.m., "you would actually get higher than this [0.11] concentration." *Id*. at 135. These circumstances implicate a more defined timeline than in *Flanagan*, where there was no evidence as to how long Flanagan and his friend had waited by his disabled vehicle before going for help (or more beer). 832 N.E.2d at 1141. The jury concluded that Lord drove *while* intoxicated, and Lord's arguments to the contrary are merely invitations

to reweigh evidence and reassess witness credibility, which we may not and will not do. *See Moore*, 27 N.E.3d at 754. The evidence is sufficient to support Lord's OWI convictions.

## Section 2 – We review sua sponte Lord's OWI convictions and remand with instructions to vacate her conviction for OWI with an ACE of .08 or more on double jeopardy grounds.

[10] Even so, we address sua sponte the trial court's entry of judgment against Lord on both OWI convictions. Because double jeopardy violations implicate fundamental rights,[3] we may review them sua sponte. *Hayden v. State*, 19 N.E.3d 831, 842 (Ind. Ct. App. 2014), *trans. denied* (2015). In *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999), our supreme court set forth the statutory elements and actual evidence tests to be applied to double jeopardy claims made pursuant to the Indiana Constitution. Where, as here, "no constitutional violation has occurred, multiple convictions may nevertheless violate the 'rules of statutory construction and common law that are often described as double jeopardy, but are not governed by the constitutional test set forth in *Richardson*." *Montgomery v. State*, 21 N.E.3d 846, 865 (Ind. Ct. App. 2014), *trans. denied* (2015). One such category is "conviction and punishment for a crime which consists of the very same act as another crime for which the defendant has been

---

[3] Article 1, Section 14 of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." The Fifth Amendment to the United States Constitution provides that no person "shall be subject for the same offence to be twice put in jeopardy of life or limb."

convicted and punished." *Id.* (citing *Guyton v. State*, 771 N.E.2d 1141, 1143 (Ind. 2002), and *Richardson*, 717 N.E.2d at 55 (Sullivan, J., concurring)).

[11]    Here, the jury convicted Lord of OWI with endangerment and OWI with an ACE of .08 or more. Our review of the record reveals that both convictions were based on the very same act, i.e., Lord drinking vodka and driving her vehicle (and passenger) over an embankment. Because Lord's OWI convictions were based on the very same act, entry of judgment on both convictions contravenes Indiana's double jeopardy principles. Ordinarily, a violation of double jeopardy principles requires that we vacate the conviction with the least severe penal consequences. *Moala v. State*, 969 N.E.2d 1061, 1065 (Ind. Ct. App. 2012). Here, however, both convictions were entered as level 6 felonies. As the reviewing court, it is within our discretion to determine which conviction should be vacated to remedy a double jeopardy violation. *Id.* at 1067. Accordingly, we affirm Lord's conviction for level 6 felony OWI with endangerment and remand with instructions to vacate Lord's conviction and sentence for level 6 felony OWI with an ACE of .08 or more.

[12]    Affirmed and remanded.

Robb, J., and Bradford, J., concur.