## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 29 2019, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher Taylor-Price
Marion County Public Defender Agency
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sierra Hill,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | October 29, 2019<br><br>Court of Appeals Case No.<br>19A-CR-1083<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Amy M. Jones, Judge<br><br>The Honorable David Hooper, Magistrate<br><br>Trial Court Cause No.<br>49G08-1808-CM-28659 |

**Crone, Judge.**

## Case Summary

Sierra Hill appeals her conviction, following a bench trial, for class A misdemeanor resisting law enforcement. She asserts that the trial court abused its discretion in admitting certain evidence. She also asserts that the State presented insufficient evidence to support her conviction. Finding no abuse of discretion and sufficient evidence, we affirm.

## Facts and Procedural History

On August 13, 2018, Indianapolis Metropolitan Police Department Officer Nickolas Smith was dispatched to an automotive repair shop based upon a report that a person was refusing to leave. When Officer Smith arrived, he spoke to a manager and another employee before encountering Hill. She was sitting in a chair in the back of the shop where it was dark. The shop was closed at the time. Officer Smith explained to Hill that he needed to speak to her outside because the manager "wanted her to leave" and "did not want her there." Tr. Vol. 2 at 7-8. Hill informed the officer that she "wasn't going anywhere" and that he would "have to take her to jail." *Id.* 8-9. Officer Smith told Hill a second time that he needed to speak with her outside. After Hill again refused to move, Officer Smith approached her and "grabbed her by both wrists, stood her up." *Id.* at 9. Hill began "flailing her arms and turning around." *Id.* Officer Smith "did a leg sweep[,]" and Hill "went to the ground." *Id.* While on the ground, Hill tried to tuck her arms underneath her stomach. Officer Smith "told her to stop resisting and give me her hands." *Id.* He was able to get a handcuff on Hill's left hand, but she was "tucking in her right

hand." *Id*. After Officer Smith was finally able to cuff both hands, Hill "was pretty much like dead weight" and told the officer that he "was going to have to drag her out." *Id*. Officer Smith stood Hill up, and she dragged her feet as he brought her outside.

[3] The State charged Hill with class A misdemeanor criminal trespass and class A misdemeanor resisting law enforcement. A bench trial was held on April 15, 2019. After the State presented its evidence, the trial court sua sponte dismissed the criminal trespass charge pursuant to Indiana Trial Rule 41(B). After Hill presented her evidence, the trial court found her guilty of resisting law enforcement and sentenced her to one year of informal probation and sixteen hours of community service. This appeal ensued.

## Discussion and Decision

## Section 1 – The trial court did not abuse its discretion in admitting certain evidence.

[4] Hill contends that the trial court abused its discretion in admitting certain evidence. A trial court has broad discretion to admit or exclude evidence, including purported hearsay. *Blount v. State*, 22 N.E.3d 559, 564 (Ind. 2014). We will disturb the ruling only if it amounts to an abuse of discretion, meaning the court's decision is clearly against the logic and effect of the facts and circumstances or is a misinterpretation of the law. *Id*.

[5] Hill claims that the trial court abused its discretion when it permitted Officer Smith to testify, over her objection, regarding a hearsay statement made to him

by the shop manager. Specifically, Officer Smith testified that after he identified himself to Hill as a police officer, he explained to her that the manager "wanted her to leave" and that he needed to speak to her outside because the manager "did not want her there." Tr. Vol. 2 at 7-8. In overruling Hill's hearsay objection, the trial court explained that the statement would be admitted as "course-of-investigation" testimony "for the limited purpose to show why the officer [was] engaged in his duties." *Id*.

[6] Hearsay is an out-of-court statement offered for "the truth of the matter asserted," Ind. Evidence Rule 801(c)(2), and it is generally not admissible as evidence. Ind. Evidence Rule 802. "Whether a statement is hearsay ... will most often hinge on the purpose for which it is offered." *Blount*, 22 N.E.3d at 565 (quoting *United States v. Linwood*, 142 F.3d 418, 425 (7th Cir. 1998)). In *Blount,* our supreme court explained the purposes and dangers of "course-of-investigation" testimony:

> Although course-of-investigation testimony may help prosecutors give the jury some context, it is often of little consequence to the ultimate determination of guilt or innocence. The core issue at trial is, of course, what the defendant did (or did not do), not why the investigator did (or did not do) something. Thus, course-of-investigation testimony is excluded from hearsay only for a limited purpose: to bridge gaps in the trial testimony that would otherwise substantially confuse or mislead the jury.... Indeed, such testimony is of little value absent a direct challenge to the legitimacy of the investigation.... The ultimate inquiry is: Was the out-of-court statement used primarily to show the truth of its content, constituting inadmissible hearsay, or merely to explain subsequent police action, excluded from hearsay?

*Id.* at 565-66 (citations and quotation marks omitted).

[7] To determine whether a statement received by a police officer engaged in an investigation constitutes inadmissible hearsay, we conduct a three-part test. *Id.* at 566. First, we determine if the testimony described an out-of-court statement that asserts a fact susceptible of being true or false. *Id.* If that answer is yes, we next determine the evidentiary purpose of the proffered statement. *Id.* at 567. Specifically, we consider whether the statement is offered for a purpose other than to prove the fact which is asserted. *Id.* Again, if that answer is yes, we determine if the fact to be proven by the statement is relevant to some issue in the case, and if there is any danger of unfair prejudice that outweighs the probative value. *Id.*

[8] Here, Officer Smith's testimony regarding the manager's out-of-court statement that he wanted Hill to leave the property was clearly asserting a fact susceptible of being true or false. But, the evidentiary purpose of the out-of-court statement was not to prove that fact. That is to say, the evidentiary purpose was not to prove that the manager wanted Hill to leave or that Hill was committing criminal trespass. Rather, the evidentiary purpose and relevance of the statement was to explain "why" Officer Smith, in his official capacity as a police officer, had an encounter with Hill. Tr. Vol. 2 at 8. Indeed, the trial court, as the trier of fact in this bench trial, gave assurances that the statement was being admitted for that limited purpose. *Id.* Under the circumstances, we are confident that the statement was considered only for its non-hearsay purpose rather than for its truth.

[9] We note that our courts are most concerned with the danger of unfair prejudice when the out-of-court assertion directly implicates the defendant in the instant crime or a crime similar to the one with which he or she is charged. *See Blount*, 22 N.E.3d at 566. Although Hill was initially charged with criminal trespass, and the manager's statement would have implicated Hill in that crime, the State abandoned any attempt to prove that offense, and the trial court sua sponte dismissed that charge at the conclusion of the State's evidence. Accordingly, we perceive no danger of unfair prejudice here. We conclude that the trial court did not abuse its discretion in admitting the challenged evidence.

## Section 2 – The State presented sufficient evidence to support Hill's conviction.

[10] We next address Hill's claim that the State presented insufficient evidence to support her conviction. When reviewing a challenge to the sufficiency of evidence, we neither reweigh evidence nor judge witness credibility. *Moore v. State*, 27 N.E.3d 749, 754 (Ind. 2015). Rather, we consider only the evidence and reasonable inferences most favorable to the judgment and will affirm the conviction unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Id*. Reversal is appropriate only when reasonable persons would be unable to form inferences as to each material element of the offense. *McCray v. State*, 850 N.E.2d 998, 1000 (Ind. Ct. App. 2006), *trans. denied*. The evidence need not "overcome every reasonable hypothesis of innocence." *Dalton v. State*, 56 N.E.3d 644, 647 (Ind. Ct. App. 2016) (quoting *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007)), *trans. denied*.

[11]  To convict Hill of resisting law enforcement as a class A misdemeanor, the State was required to prove beyond a reasonable doubt that Hill knowingly or intentionally forcibly resisted, obstructed, or interfered with a law enforcement officer or a person assisting the officer while the officer was lawfully engaged in the execution of the officer's duties. Ind. Code § 35-44.1-3-1(a)(1). Hill's sole assertion is that the State presented insufficient evidence that Officer Smith was lawfully engaged in the execution of his duties during their encounter.[1]

[12]  Officer Smith testified that he identified himself as a police officer to Hill, informed her why he had been summoned, and asked her to step outside of the shop to speak with him. Smith refused and told Officer Smith that he would just have to take her to jail. When Officer Smith attempted to direct Smith outside, a struggle ensued. Hill contends that absent the manager's "hearsay" statement discussed above, "no substantive evidence exists that Officer Smith was lawfully engaged in his duties" during the encounter. Reply Br. at 10. However, as we have concluded, the manager's statement was *not* hearsay, as it was not admitted to prove the truth of the matter asserted therein. Rather, it was properly admitted as substantive evidence as to why Officer Smith, in his official capacity as a police officer, had an encounter with Hill. Officer Smith's testimony was sufficient to prove that he was lawfully engaged in the execution of his duties at the time of the encounter.

---

[1] Hill does not challenge the sufficiency of the State's proof on any other element of the offense.

Hill maintains that since the State never proved that she was in fact committing a crime (criminal trespass) by refusing to leave the shop, the State could not prove that Officer Smith had the authority to ask her to leave or to arrest her for refusing to do so. We agree with the State that much of Hill's argument in this regard appears to conflate "lawfully engaged in [the execution of the officer's] duties" with "lawfully arresting." State's Br. at 12. Regardless of whether an arrest is lawful, a citizen cannot resist a peaceful arrest by a police officer.[2] *Shoultz v. State*, 735 N.E.2d 818, 823 (Ind. Ct. App. 2000), *trans. denied* (2001); *see also Dora v. State*, 783 N.E.2d 322, 327 (Ind. Ct. App. 2003) (holding that determining the lawfulness of an arrest should be decided by courts and not by emotional citizens), *trans. denied*.[3] Hill is prohibited from resisting an arrest simply because she thinks it is unlawful. The trial court reasonably found that Hill knowingly or intentionally forcibly resisted Officer Smith while he was lawfully engaged in the execution of his duties. The State presented sufficient evidence to support Hill's conviction.

---

[2] In her reply brief, Hill claims that Officer Smith used excessive force when trying to direct her out of the shop, and therefore he was not "lawfully" engaged in his duties. Reply Br. at 11. This argument is waived because it was raised for the first time in a reply brief. *See Jones v. State*, 22 N.E.3d 877, 881 n.4 (Ind. Ct. App. 2014) (noting that a party may not raise an argument for the first time in a reply brief).

[3] The rule that a citizen cannot resist even an unlawful arrest has not been interpreted as a blanket prohibition that criminalizes any conduct evincing resistance where the "means used" to affect an arrest are unlawful. *Alspach v. State*, 755 N.E.2d 209, 211 (Ind. Ct. App. 2001), *trans denied*. For example, "we have recognized an exception where police unlawfully enter a person's residence, determining that a greater privilege exists to resist an unlawful entry into private premises than to resist an unlawful arrest in a public place." *Id.* (citations omitted).

[14]     Affirmed.

Baker, J., and Kirsch, J., concur.